No. 13,927.

## LINDLEY v. KREGELO.

JURISDICTION.—*Statute.—Construction.*—Under   section   312,   R. S. 1881, when there are several defendants, and  the court obtains  jurisdiction over one of them, it has jurisdiction over all others residing within the State by issuing and  serving process on them.

From the Marion Superior Court.

*J. C. Brush,* for appellant.

*A. W. Wishard,* for appellee.

OLDS, J.—This is a suit on account by the appellee against the appellant, John H. Lindley, and one Melville E. Heiner. The suit was commenced in the Marion Superior Court, and service had upon the defendant Heiner in Marion county, Heiner being at the time a resident of the city of Chicago, Illinois, and a summons was issued and sent to Parke county, and the appellant Lindley served the day following the service on Heiner.

The defendant Lindley answered, alleging that neither he

Lindley *v.* Kregelo.

nor his co-defendant resided in Marion county, Indiana, nor did either reside there at the commencement of this action; that he is a *bona fide* resident of Parke county, Indiana, and that neither of said defendants is subject to the jurisdiction of the Marion Superior Court, which answer is verified by said Lindley.

The plaintiff replied to the answer of Lindley by general denial. Trial was had, and a finding and judgment for the plaintiff against both of the defendants.

Lindley filed a motion for a new trial, which was overruled, and error assigned as to the ruling on the motion for a new trial.

The question presented and discussed is as to the jurisdiction of the court as to the defendant Lindley.

The suit is upon a joint cause of action. The defendant Heiner being a non-resident of the State at the time of the commencement of the suit, and he being found and served with process in Marion county, Indiana, the court had jurisdiction as to him, and having jurisdiction of the cause of action, and of one of the defendants, by the issuing and service of process on the other defendant Lindley in Parke county, it had jurisdiction to try and determine the controversy as to all of the parties. The construction we place upon section 312, R. S. 1881, is that when there are several defendants, and the court obtains jurisdiction over one of them, it has jurisdiction over all others residing within the State by issuing and serving process on them.

There is no error in the record.

Judgment affirmed, with costs.

Filed Nov. 26, 1889.