Urmston v. Evans.

Filed June 5, 1894.

———————◆———————

No. 16,791.

URMSTON v. EVANS.

<div style="float:right">138  285<br>144  205</div>

JURISDICTION. — *Mortgage.* — *Injunction.* — *Subject-Matter.* — *Parties.* — *Nonresidents.* —U, holding purchase-money notes secured by mortgage upon land in Tipton county, in payment for a lot in the same county assigned them to E, relying upon the latter's false representation that the lot was unincumbered. Afterwards U was compelled to pay a lien existing upon the lot at the time of his purchase. E assigned the notes to B as collateral security for a debt, and C held the notes for B. An action by U seeking to recover so much of the notes as covered the amount of the lien paid, to restrain any disposition of them and to restrain P, the owner of the land, from paying the notes until the rights of the parties were adjusted, was commenced in the Tipton Circuit Court, to which E, B, C, and the land owner P were made parties. The latter was a resident of Tipton county, and all the others nonresidents.

*Held*, that as P was a necessary party, and as U had an interest in the

mortgaged land for that part of the purchase price of the land equal to the lien paid by him on the lot, the Tipton Circuit Court had jurisdiction both of the parties and of the subject-matter.

From the Tipton Circuit Court.

*G. H. Gifford* and *J. M. Fippen,* for appellant.
*L. M. Harvey,* for appellees.

HOWARD, J.—On the 18th day of August, 1887, the appellant sold to Joseph McNew certain real estate in Tipton county, taking in payment certain promissory notes secured by mortgage upon said real estate.

On the 28th day of September, 1888, the appellant purchased of the appellee, William A. Evans, a lot in the city of Tipton, in said county, for which the appellant assigned to said Evans said notes and mortgage.

It is alleged in the complaint, by appellant, that by the terms of the transfer of said mortgage and notes, the said Evans was to make to the appellant a good and approved title to said property in the city of Tipton, free from any incumbrance; that Evans falsely and fraudulently represented to the appellant that said property was free from any and all kinds of liens; that appellant, relying upon said appellee's statements, and believing them to be true, accepted said deed to said property, and that had it not been for said false and fraudulent statements of said appellee, and appellant's reliance upon the same, appellant would not have purchased said property without an examination of the records of the county for liens.

It is further alleged to be the truth that there was a mortgage upon said lot, amounting to $287.50, and that said appellee's statement was false and fraudulent and made for the purpose of cheating and defrauding appellant; that as to so much of said mortgage and notes there was an entire want of consideration for their assignment;

that appellant was obliged to, and did, pay said lien on said property; that said appellee Evans is wholly insolvent, and has been so ever since appellant was so compelled to pay off said lien; that appellant had no knowledge of said lien at the time he transferred said notes and mortgage, nor for many months thereafter; that on the 28th day of September, 1888, the appellee Evans assigned said notes to his codefendant, Carrie T. Brooke, of Knoxville, Tennessee, as collateral security; that since the said time, to wit, the 18th day of August, 1887, Rudolph Pfleuger, codefendant of the said Evans, has purchased the land described in said mortgage and assumed the payment of said indebtedness; that Albert Cole, also codefendant of said Evans, has and holds possession of said notes for said Carrie T. Brooke; that the remaining codefendants claim some interest in said notes, to the appellant unknown.

The prayer is that Carrie T. Brooke and Albert Cole, after the payment of their debt out of said notes, be required to turn over, out of the remainder, a sufficient amount to cover the amount of said liens on the property for which the said notes were erroneously assigned; that William A. Evans be enjoined from transferring, or attempting to transfer, the amount of said mortgage and notes which appellant has been obliged to pay and for which there was no consideration for said assignment; that said Pfleuger be ordered to pay said amount of said mortgage to the appellant when the same becomes due; that the assignment of said amount of said mortgage be set aside and annulled and be left in the name of appellant, and that the remainder of the defendants be forever restrained from claiming any right, title, or interest in said notes or mortgage; that said Rudolph Pfleuger be restrained from paying off any more of said notes until the final hearing of the cause, and that said Evans, Cole

and Brooke be restrained from assigning, disposing of, or turning over, or in any way interfering with said notes until said final hearing and the further order of the court.

On the filing of the proper affidavit and bond, the restraining order was issued, as prayed for.

The defendants, except Pfleuger, each entered a special appearance and filed separate pleas in abatement to the jurisdiction of the Tipton Circuit Court. It was alleged in these pleas that all the defendants, except Rudolph Pfleuger, were nonresidents of the county of Tipton; that said Pfleuger is not a necessary or a proper party, and hence the court had no jurisdiction of the subject-matter nor of the parties.

A separate demurrer was filed to each of the pleas in abatement, and was overruled. The appellant then filed a reply to the pleas in abatement, stating the cause of action much the same as stated in the complaint. It was then agreed that the issues be formed as to the defendant Evans, and that all the other defendants abide the result thereof.

Thereupon the defendant Evans filed his demurrer to the reply, which demurrer was sustained by the court.

It is assigned as error that the court overruled the demurrer to the plea in abatement and sustained the demurrer to the reply; and the only question to be decided is whether the court had jurisdiction of the subject-matter of the action and of the persons of the defendants.

Rudolph Pfleuger assumed the payment of the debt represented by the notes given to appellant for the purchase-price of land in Tipton county, amounting to $2,-800. These notes were in part obtained from appellant by the fraud of the defendant Evans, the appellee, who is insolvent. Evans assigned them to the defendant Brooke, as collateral security for a loan of $1,200, the

Urmston *v.* Evans.

defendant Cole holding the notes for the defendant Brooke. Appellant sought to recover so much of the notes as covered the amount fraudulently obtained from him by Evans, and to require Pfleuger to pay to appellant that amount directly.

In such a precarious condition of the notes representing the debt due appellant, it would seem that the only adequate means of securing that debt was an order restraining any disposition of the notes or any payment upon them, until the court should establish the respective rights of the parties in them. Pfleuger was therefore a necessary party defendant. There is no question that the court had jurisdiction of him. But, by section 314, R. S. 1894 (section 312, R. S. 1881), when there are several defendants, and the court obtains jurisdiction over one of them, it has jurisdiction over all the others residing within the State, by issuing and serving process on them. *Lindley* v. *Kregelo*, 121 Ind. 176.

It is also apparent from the complaint, that the appellant had an interest in the mortgaged land in Tipton county, being for that part of the purchase-price of the land equal to the amount of the lien on the town lot bought by him in the city of Tipton, and which he was obliged to pay by the fraud of Evans. As to this amount he remained a mortgagee of the Tipton county land. This was an interest in real estate which he could recover only in the county in which the land was situate (section 308, R. S. 1894; section 307, R. S. 1881).

The Tipton Circuit Court had, therefore, jurisdiction both of the subject-matter of the action and of the persons of the defendants.

The judgment is reversed, with directions to sustain the demurrers to the pleas in abatement, and for further proceedings.

Filed June 6, 1894.