17,207.

## MACKEY *v*. CRAIG, ADMINISTRATOR.

PLEADING.—*Complaint for Recovery of Purchase-price of Land.—Vendor's Lien.*—A complaint alleging a sale of land by plaintiff's intestate, in payment for which defendant drew his check payable to a given bank for the benefit of such intestate, and that such check was properly presented for payment, and was and still is due and unpaid, and asking for judgment against defendant, and that such judgment be declared a specific lien on the land, and that the land be sold in satisfaction, states a good cause of action to recover the purchase-price of land, and to have the same declared a vendor's lien on the land.

CHECK.—*Equitable Owner.*—The fact that a check is made payable to a bank, and is not endorsed by it, does not prevent a third person from being the equitable owner thereof.

VENDOR'S LIEN.—*Action to Foreclose, Where Brought.*—An action to foreclose a vendor's lien is properly brought, under section 308, R. S. 1894, in the county where the land is situated.

From the Decatur Curcuit Court.

*Iglehart & Taylor* and *J. D. Miller*, for appellant.

*Ewing & Wilson*, for appellee.

.HOWARD, J.—It is assigned as error that a demurrer was overruled to the first paragraph of appellee's complaint, and also that a demurrer was sustained to appellant's plea in abatement.

The material allegations of the first paragraph of the complaint are, that appellee's decedent, his wife joining, sold and conveyed to appellant certain described land in Decatur county; that in payment of the purchase money for said land the appellant drew his check on the old National Bank of Evansville, for the sum of $6,000, payable to the order of the First National Bank of Greensburg, in said county, which

check, it is alleged, was drawn for the benefit of said decedent and was his property, and is the property of the appellee as his administrator; that the said check was properly presented for payment, and payment thereof refused, of which the appellant had full notice; that the same is due and unpaid, and there is an unreasonable delay in its payment.

The prayer is for judgment against appellant, and that such judgment be declared a specific lien upon said real estate, and that the land be sold in satisfaction thereof.

The defect which appellant insists is found in the complaint. is that it appears therefrom that the check was made payable to the First National Bank of Greensburg, while it does not appear that the check was ever endorsed or assigned to the decedent or to the appellee.

It is, however, alleged that the check is the property of the appellee, and that it was drawn for his decedent in payment of the purchase-price of said land. The bank, also, was made a party to assert any claim which it might have upon the check. Certainly, the decedent might be the equitable owner of the check, even though, for some reason which does not appear, it was made payable to the bank. 1 Am. and Eng. Ency. of Law, 835, and authorities there cited. If the complaint were not sufficiently specific in this respect, it might be made so on motion.

In any event, the pleading is substantially a complaint to recover the purchase-price of real estate sold and conveyed, and to have the same declared a vendor's lien upon the land. Appellant has advanced no good reason and cites no authority to show its insufficiency as such, and we perceive none.

The answer in abatement filed by the defendant, Mackey, is based upon the averment that he is now, and was at the date of the bringing of this action, a

resident of Vanderburgh county, and not of Decatur county. The action, however, was for the recovery of an interest in real estate, and the action was therefore properly brought in Decatur county, where the land is situated. Section 308, R. S. 1894 (section 307, R. S. 1881). *Urmston* v. *Evans*, 138 Ind. 285; *Parker* v. *McAllister*, 14 Ind. 12; *McCaslin* v. *State, ex rel.*, 44 Ind. 151; *Huffman* v. *Cauble*, 86 Ind. 591; *Dowden* v. *State*, 106 Ind. 157. See further note to section 307, R. S. 1881, Thornton's Indiana Prac. Code. The court did not err in sustaining the demurrer to the plea in abatement.

The judgment is affirmed.

Filed March 5, 1896.