HAMILTON *v*. SHRIDER *et al.*

(*Nashville*, December Term, 1953.)

Opinion filed July 23, 1954.

GLENDON M. FISHER, JR., of Nashville, for plaintiff in error.

THOMAS G. WATKINS, of Nashville, for defendant in error.

Mr. Justice Tomlinson delivered the opinion of the Court.

An automobile driven by Lester Shrider came into collision with a bus of the Greyhound Corporation. This collision occurred on a public highway in Maury County, Tennessee. Arthur Olen Hamilton was a passenger on that bus. For injuries which he allegedly received by reason of that collision he instituted suit in Davidson County, Tennessee, against the Greyhound Corporation. Counter-part summons was issued against Shrider. This was done in accordance with Code Section 8671 et seq. because Shrider is a resident of the State of Michigan. Plaintiff Hamilton is a resident of Alabama. Responsive to appropriate pleas, the Circuit Judge abated the suit as to Shrider on the theory that venue was only in Maury County where the collision occurred. The case comes here by reason of Hamilton's appeal from that holding.

Defendant in error, Shrider, relies upon the case of *Thomas* v. *Altsheler*, 191 Tenn. 640, 235 S. W. (2d) 806. That was a case in which all parties to the suit were non-residents of Tennessee. There was no statute fixing venue in such a situation. It was accordingly held that venue must be determined by the common-law rule. That rule

fixes venue in the county where the collision occurred.

The present case differs from *Thomas* v. *Altsheler*, supra, in that one of the material defendants is the Greyhound Corporation. It maintains an office or agency in Davidson County, Tennessee, as well as in Maury County, Tennessee. By Code Section 8643 a plaintiff may institute suit against a defendant corporation in any county wherein that corporation maintains an office or agency where the cause of action is one growing out of or connected with the business of that office or agency, as is the situation here. Hence, Hamilton, though a nonresident of Tennessee, is authorized by Code Section 8643 to institute this tort action against the Greyhound Corporation in Davidson County. In so far as the Greyhound Bus Company is concerned Davidson County was an authorized county of action. It may be added that Greyhound has entered a general issue plea, and the case is still pending in the Davidson County Court against it.

By Code Section 8671 nonresidents of Tennessee involved in a motor vehicle accident on the highways of this State have, by such use of such a highway, designated the Tennessee Secretary of State as "his agent for acceptance of service" for suit brought against him arising out of that accident and "such service of process shall have the force and validity of personal service on him within the jurisdiction of this state and *county of action*." (Emphasis supplied.)

As Code Section 8671 was originally enacted, the privilege of instituting suit under that section against a nonresident of the State was confined to "a resident of this state". However, that act was amended so as to strike the expression "a resident of this state" and, in lieu thereof, there was inserted the expression "any person".

It was, therefore, clearly intended by this amendment to extend to nonresident persons the privilege of instituting suit against nonresident defendants under the authority of that code section, as amended. That was the situation in *Thomas* v. *Altsheler*, supra, except that there was no county of action authorized under the facts of that case except the one authorized by the common-law rule.

 Since Davidson County was an authorized county of action under the facts of this case, Code Section 8643, it follows that a nonresident of Tennessee may be made a party to that action in that county by service of process on the Secretary of State, Code, Sec. 8671 et seq.

The judgment of the Circuit Court sustaining Shrider's plea in abatement, and dismissing the suit as to him, will be reversed. A judgment will be entered sustaining Hamilton's motion to strike that plea. The cause will be remanded for further appropriate proceedings. The costs of the appeal will be adjudged against Shrider.