**INTERSTATE DISPATCH, INC.**

v.

**SEARS ROEBUCK & COMPANY, a corporation; John Thomas Powers; James Nolan; Clifford Nolan; James Nolan and Clifford Nolan d/b/a Nolan Stock Yards; and Basil Lepak.**

Civ. No. 2405.

United States District Court
N. D. Indiana,
Hammond Division.

Nov. 13, 1958.

J. Edwin Smith, Gary, Ind., for defendants Sears Roebuck & Co. and John Thomas Powers.

Wildermuth, London & Wallace, Gary, Ind., for defendants James Nolan and Clifford Nolan dba Nolan Stock Yards, etc.

SWYGERT, Chief Judge.

The cause now before this court was first initiated in the Lake Superior Court sitting at Gary, Indiana. The cause was subsequently removed to this court by defendant Sears Roebuck & Company pursuant to Title 28 United States Code, § 1441.

The accident out of which this action arose occurred in Whitley County, Indiana. A truck owned by defendant Sears Roebuck & Company and driven by defendant Powers collided with a truck owned by defendants Nolan and driven by defendant Lepak. As a result of the collision, certain cattle being carried in the truck of defendants Nolan were spilled out onto the highway whereupon plaintiff's truck collided with the cattle causing damage to plaintiff's truck.

Plaintiff, an Illinois corporation, caused service of process to be made upon defendant Sears Roebuck & Company at its Gary, Indiana, office pursuant to the provisions of § 2–708, Burns' Indiana Statutes. Thereafter plaintiff caused service to be made upon the other defendants pursuant to the provisions of the nonresident motorist statute, § 47–1043, Burns' Indiana Statutes.

Defendants Nolan and defendant Lepak, by a plea in abatement, objected to the venue in the Lake Superior Court. They reasserted their objection to venue in this court by the present motion to dismiss, contending that if the venue were improper in the state court, such defect cannot be cured by removal to the federal court. Assuming *arguendo* that these defendants' hypothesis is correct, an examination of the proper venue in the state court becomes necessary.

Defendants Nolan and Lepak contend that venue was only proper in Whitley County, Indiana, where the accident oc-

Strom & Whitted, Gary, Ind., for plaintiff.

curred, in view of the provisions of both § 47–1043 and § 2–709, Burns' Indiana Statutes, which provide that civil actions against nonresident motorists may be brought in "the county of the residence of the plaintiff or in the county where the accident or collision occurred, at the election of the plaintiff."

Plaintiff contends the two venue provisions, viz., §§ 2–708 and 2–709, must be read in *pari materia*; and therefore venue was properly laid in Lake County. Plaintiff further contends that § 2–707, Burns' Indiana Statutes, permits nonresident defendants to be sued in any county where they may be found; and when one nonresident defendant has been found, the action may be brought in the county in which the nonresident is found and summons may be issued to the other defendants in the counties in which they can be reached, citing Lindley v. Kregelo, 1889, 121 Ind. 176, 22 N.E. 999.

Both the counsel for plaintiff and the counsel for defendants Nolan and defendant Lepak agree that there are no Indiana cases which stand for the proposition that the provisions of §§ 2–708 and 2–709 are mutually exclusive or that they should be read in pari materia. After an exhaustive search the court has also failed to find any such cases.

In Hamilton v. Shrider, 1954, 196 Tenn. 667, 270 S.W.2d 316, the Supreme Court of Tennessee was presented with a problem which was strikingly similar to the instant case. In the Hamilton case, a nonresident corporation, whose bus collided with an automobile also owned and driven by a nonresident, was sued by one of its passengers, also a nonresident for injuries arising out of the collision. The bus company was served and venue laid under the provisions of Code Section 8643, which is basically the same as Section 2–708, Burns' Indiana Statutes. Defendant Shrider was served under Tenessee's nonresident motorist statute, Code Section 8671 et seq., which compares to the Indiana nonresident motorist statute. The trial court abated the action on the ground that the only proper venue was the county in which the acci-

dent occurred. The Supreme Court reversed and said that the venue was proper as to the defendant bus company under Code Section 8643 and that the plaintiff could utilize Code Section 8671 to bring in the other nonresident defendant. While a decision of the Tennessee Court is not binding on this court, I feel that the result reached in the Hamilton case is the one most consonant with sound legal reasoning and statutory construction.

■ It is also clear from the statutory language that Section 2–709 was meant to be neither mandatory nor exclusive:

> "Civil actions against nonresident motorists *may* be brought in the county of the residence of the plaintiff or in the county where the accident or collision occurred, *at the election of the plaintiff*." (Emphasis added.)

The provision is couched in the permissive "may" rather than the mandatory "shall". This alone would indicate that the provision was not meant to be either mandatory or exclusive. To the contrary, the section recognizes that the plaintiff has an election as to his selection of venue and there is nothing in the statute that would indicate that plaintiff's election is limited to the two permissive statutory provisions.

■ In my opinion, §§ 2–703, 2–707, 2–708 and 2–709 should be read in *pari materia* in a situation such as found in the instant case. Accordingly I think the venue in the Lake Superior Court was proper.

I feel that a jurisdictional question must be raised *sua sponte*. The file indicates that the plaintiff is an Illinois Corporation and defendant Powers is an Illinois resident. In view of this, the question of whether diversity of citizenship as required by § 1332, 28 United States Code exists. Before deciding whether a remand is necessary I shall permit counsel to be heard. Accordingly the matter of jurisdiction and remand is set for hearing on the 20th day of

November, 1958, at 1:00 o'clock p. m. in Hammond, Indiana.

The motion to dismiss of defendants Nolan, doing business as Nolan Stock Yards, and defendant Lepak is hereby denied.