THOMAS CHESTERSON *vs.* JOHN MUNSON.

April 22, 1881.

**Appeal from Justice Court—Argument—Change of Venue.**—An appeal upon questions of law alone, from a justice's judgment to the district court, may, with the consent of the parties, be heard and determined by the court in any county within its judicial district. Appearing and arguing such appeal before the court in another county than the one wherein the appeal is pending, without objecting to the jurisdiction of the court to try the same in such other county, is a waiver of all objections of that character.

**Same—Time of Argument.**—Such appeal may be placed upon the calendar and brought on for argument at the next term of the district court after the return of the justice is made and filed, unless continued for cause, although 30 days may not have elapsed since the allowance of the appeal.

**Pleadings—Defective Complaint cured by Intendment.**—A defective complaint in an action in a justice's court is cured by intendment after verdict or judgment, when the defendant has answered and gone to trial upon the merits without making any objection to the defective pleading, if the defects arise wholly out of an omission to plead expressly such facts as may be fairly implied from the allegations of the complaint.

Plaintiff brought this action in a justice's court in Cottonwood county, and had judgment after a trial. Defendant appealed to the district court for that county, on questions of law alone. The appeal was taken February 14, 1879, and on February 24, 1879, the plaintiff served notice of trial for the next general term of the district court to be held in Nobles county, in the same judicial district, on March 4, 1879. The appeal coming on for argument before *Dickinson,* J., pursuant to the notice, the defendant appeared specially and objected to the hearing on the ground that thirty days had not elapsed since the trial before the justice. The objection was overruled and the cause argued and submitted by both parties, and judgment of affirmance entered, from which the defendant appeals.

The complaint, in addition to the causes of action mentioned in the opinion, states "that defendant had use of plaintiff's horse-rake, in 1874, raking hay, which use of said rake was worth $3.00," and sets out nine other items in the same manner, concluding with the averment "that no part of the same has been paid, excepting  *  *  *, although the same is long past due," and a demand for judgment.

*Emory Clark,* for appellant. The complaint avers no request and does not state a cause of action. *Bartholomew* v. *Jackson,* 20 John. 28; *Frear* v. *Hardenbergh,* 5 John. 272; *Force* v. *Haines,* 17 N. J. Law, 385; *Lampleigh* v. *Brathwait,* 1 Smith Lead. Cas. 222, and note. The objection need not be made, nor exception taken, in justice court, in order to a review on appeal. Gen. St. 1878, c. 65, § 117. The objection is not waived by failure to make it seasonably. Gen. St. 1878, c. 66, § 95; *Lee* v. *Emery,* 10 Minn. 151, (187;) *Bennett* v. *Phelps,* 12 Minn. 326; *Taylor* v. *Parker,* 17 Minn. 469; *Royce* v. *Gray,* 21 Minn. 329.

*J. G. Redding,* for respondent.

CORNELL, J. This is an appeal from a judgment of the district court of Cottonwood county, in affirmance of a judg-

ment rendered in a justice's court of that county in favor of plaintiff, and against the defendant, the same having been taken to the district court by appeal upon questions of law alone. It is disclosed by the record before us that the judgment in the district court was entered pursuant to an order of the district judge of said court, which recites that the appeal from the justice's court was "brought on for argument by notice on the part of the respondent before the court in Nobles county," which was embraced in the same judicial district with Cottonwood county; that the defendant appeared specially, and objected to the hearing on the ground that less than thirty days had then elapsed since trial, and that, upon the objection being overruled, the case was then argued by the counsel for the respective parties, and submitted upon the merits. This is all the record discloses indicating that the appeal was heard and determined in any other than Cottonwood county.

Upon this showing it is plain that the defendant waived all objection, if any existed, to the authority and jurisdiction of the court to hear and try the appeal in Nobles, instead of in Cottonwood county. By appearing and specially objecting that sufficient time had not elapsed, since the trial of the cause before the justice, to allow the hearing of the appeal, and then arguing the questions raised upon the appeal and submitting the same, he voluntarily consented to the trial of the appeal upon the merits by the court then sitting in Nobles county, with the like force and effect as though it had been tried in the proper county of Cottonwood. That the court had jurisdiction to try the appeal in that county with the consent of the parties is undoubted. The judge who held the court was the district judge of that judicial district, and, as such, was invested with all the powers belonging to the court in that district, subject only to such limitations upon their exercise as were prescribed by law. Const. art. 6, § 4. It had appellate jurisdiction over all

appeals in civil actions taken from the judgments of justices of the peace anywhere within that judicial district, (Const. art. 6, § 5,) and though it may be true that the statute regulating such appeals contemplates that such jurisdiction in each case shall, in the absence of any agreement of the parties to the contrary, only be exercised in the county wherein the appeal originated, it contains no prohibition upon its exercise in any other county, when consent is given.   On the contrary, it may be fairly inferred that it may, in such case, be exercised; for it expressly provides that upon the filing of the return of the justice of the peace to any appeal, "the district court shall become possessed of the action, and shall proceed therein in the same manner, as near as may be, as in actions originally commenced in that court, except as herein otherwise provided," (Gen. St. 1878, *c.* 65, § 116;) and "a change of venue may, in all civil cases, be made, upon the consent in writing of the parties or their attorneys." Gen. St. 1878, *c.* 66, § 51, subd. 4.   The consent given by the parties in this case, in open court, by voluntarily appearing by their attorneys, and trying the case upon the merits, was equivalent to a written consent.   The case before us, therefore, must be treated the same as though the appeal from the justice was, in fact, tried by the district court in the county of Cottonwood.

The objection that the appeal could not be heard, because thirty days from the trial before the justice had not expired, was properly overruled.   The provision of statute relied upon to support this objection (Gen. St. 1878, *c.* 65, § 123,) provides that "all appeals allowed thirty days before the first day of the term of the district court next after the appeal allowed, shall be determined at such term, unless continued for cause."   This provision was intended to hasten, and not to delay, the trial of appeal cases from justices' courts.   Its effect is not to prevent a trial when the case is properly on the calendar, and in a condition to be tried without prejudice

to the substantial rights of either party. In this case defendant made no suggestion that he was unprepared for the argument, or that a hearing at that time would result to his disadvantage.

The point that the complaint does not state a cause of action was not made in the justice's court, and is clearly not well taken. The statement "that the plaintiff worked for defendant in 1874, in the winter, one month and five and a half days, for which work defendant agreed to pay him $12," comprises the essential facts of a good cause of action. The same is true of the statement, "that plaintiff worked in winter of 1875 for defendant one month and two days, which was worth, and defendant agreed to pay him, $10.80." Each of these statements fairly imports a definite amount of work done by the plaintiff for the defendant, at an agreed price, which the latter promised to pay to the plaintiff. So, as to the last cause of action stated in the complaint, the allegations in respect thereto are sufficient, in the absence of any objection asking that they be made more definite and certain as to the amount of work done under the agreement by the plaintiff, in excess of that done by the defendant.

As the point which defendant makes goes to the sufficiency of the complaint as a whole, and not to any particular causes of action therein stated, it is evident, from what has already been said, that it cannot be sustained, though it be conceded that the other alleged causes of action are too defectively pleaded to admit of any recovery thereon. In respect to such other causes of action, however, the complaint is not so radically defective or wanting in its allegations as to furnish any grounds for a reversal of the judgment. Every fact essential to a recovery, which is not stated by some express averment, can be fairly and reasonably implied from the allegations made in the complaint. Both parties went to trial upon the merits and upon the pleadings as they stood, neither suggesting any defect in the pleading of his adver-

sary. The case is one, therefore, in which a defective complaint is cured by intendment after verdict or judgment. 1 Chitty Pl. 673; Moak's Van Santvoord, 832, 833.

Judgment affirmed.