LOUIS TANCRE *vs.* JOSEPH W. REYNOLDS, impleaded, etc.

July 26, 1886.

**Complaint in Replevin—Averment of Title.**—In an action of claim and delivery, the plaintiff's ownership and right to possession are properly alleged in the present tense.

**Deposition—Notice of Filing—Objections at Trial.**—Where the time elapsing between notice of the filing of a deposition and the trial is less than 10 days, so that the adverse party has not the full time allowed by Gen. St. 1878, c. 73, § 39, within which to move to suppress before trial, the effect is not to render the deposition inadmissible, but to leave the adverse party in the same position as if no notice had been given; that is to say, he may make at the trial all the objections that he could have made upon a motion to suppress.

**Same—Effect of Notary's Certificate.**—By statute, a notary's certificate of the taking of a deposition is *prima facie* evidence of the truth of the statement therein contained, that he was authorized to administer an oath then and there; and this evidence is not overcome by the mere fact that the deposition was taken upon territory used for a soldiers' home and belonging to the United States government.

**Attorney—Contract with Client—Proof of Good Faith.**—An attorney who contracts with his client is subject to the *onus* of proving that, as respects the contract, no advantage was taken of the client's situation.

**Same—Contract after Relation has ended.**—But where a previously existing relation of attorney and client has come to an end, so that the parties are dealing, each for himself, at arms-length, this strict rule does not apply; but, to avoid the contract, (otherwise unobjectionable,) the client must show that it was procured by actual fraud. *Held* that, upon the evidence in this case, a request for an instruction to the effect of this latter proposition was erroneously refused.

Plaintiff brought this action in the district court for Douglas and Grant counties, against Charles Pullman and Joseph W. Reynolds, to recover possession of personal property of the alleged value of $1,000. The defendant Reynolds, in his separate answer, asserted title to the property by virtue of a bill of sale from plaintiff, as security for a debt of $900 then due to him from plaintiff, the parties agreeing that in case he should sell the property for more than the

debt, the surplus should be paid to plaintiff. In his reply plaintiff denied that when he made the bill of sale he owed defendant except for the reasonable value of the services of the latter (an attorney-at-law) in prosecuting a divorce suit for him, and alleged that such services were not worth more than $50. He also alleged that defendant procured the bill of sale while attorney for plaintiff, and by misrepresenting to him the contents of the instrument, plaintiff being a German, 86 years old, and ignorant of the English language.

At the trial before *Collins,* J., the plaintiff had a verdict. A new trial was refused, and the defendant Reynolds appealed. Exhibit C, mentioned in the opinion, is a bill of a third person against plaintiff, which was paid by defendant.

*J. W. Reynolds* and *C. L. Brown,* for appellant.

*Arctander & Coy,* for respondent.

BERRY, J. 1. This is the ordinary action of claim and delivery, presenting issues of fact, and therefore for a jury. Gen. St. 1878, c. 66, § 216; *Blackman* v. *Wheaton,* 13 Minn. 299, (326.) That, as bearing upon defendant's title to and right of possession of the property in controversy, certain principles of equity are invoked, does not alter the case.

2. The complaint alleges plaintiff's ownership and right to possession in the present tense. This is as it should be in this form of action, which is founded upon the present right of the plaintiff, and not, as in trover, upon a *past* conversion, in violation of a right existing before the commencement of the action.

3. When the time elapsing between notice of the filing of a deposition and the trial is less than 10 days, so that the adverse party has not the full time allowed by Gen. St. 1878, c. 73, § 39, within which to move to suppress before trial, the effect is not to render the deposition inadmissible, but to leave the adverse party in the same position as if no notice had been given; that is to say, he may make at the trial all the objections which he could have made upon a motion to suppress.

4. There was ample evidence of a demand upon Reynolds for the property in dispute. If some of it was admitted upon an insufficient basis, the error is not material, in view of the fact that the answer

sets up title, and prays a return. *Kellogg* v. *Olson*, 34 Minn. 103, (24 N. W. Rep. 364.)

5. The objections to the admissibility of Tancre's deposition were properly overruled. By statute (Gen. St. 1878, *c.* 73, § 37,) the notary's certificate is *prima facie* evidence of the truth of the statement therein contained, that he was authorized to administer an oath then and there; and this *prima facie* evidence is not overcome by the mere fact (if it be one) that the deposition was taken upon territory used for a soldiers' home, and belonging to the United States government. The other objections to the admissibility of the deposition are disposed of by the fact that the defendants' motion to suppress was not made within 10 days after notice of the filing of the deposition. The fact that the service of notice of the motion was by mail did not enlarge the time within which the motion was required to be made.

6. As we shall award a new trial upon more fundamental grounds, we do not deem it necessary to take up, in detail, the many assignments of error in admitting evidence. Suffice it to say that much was admitted which was so clearly irrelevant and immaterial that we cannot suppose that it will be received upon a second and more careful trial, especially in view of what we shall hereafter say as to the instructions which were given to the jury, and of the elementary rule that evidence should be confined to the issues in the case. As to the errors alleged in the exclusion of evidence, Exhibit C appears to have been properly excluded, in the absence of a showing that plaintiff authorized or ratified its payment. So, for both irrelevancy and immateriality, was the evidence tending to show that plaintiff, after getting possession of the property in dispute, conveyed it to his son, and that defendant had no resource other than such property for the collection of plaintiff's debt to him.

7. The court refused to give to the jury the following instructions requested by defendant, viz.: "There is no evidence that the defendant Reynolds was, at the time of the execution of the bill of sale in question to him, acting as the plaintiff's attorney. In order to avoid this bill of sale, the plaintiff must show that there was actual fraud in procuring it." In our opinion, the refusal was error. Upon thoroughly perusing the settled case, we think the defendant was right in

his position that there was no evidence that he was plaintiff's attorney at the time spoken of. Plaintiff pleaded and relied upon the existence of this relation at that time as a part of his case, and it was therefore for him to prove it. To our minds, the evidence shows that the divorce proceedings were substantially at an end, and that the bill of sale was made upon that, and no other, basis, viz., that the relation of attorney which defendant bore to plaintiff in respect to those proceedings had ceased. And, if that was so, then, as stated in the request, the plaintiff, in order to avoid the bill of sale, must show that it was procured by actual fraud, for the parties to it were dealing, each for himself, "at arms-length." *Waller* v. *Keyes*, 6 Vt. 257; *Hunter* v. *Atkins*, 3 Mylne & K. 113; 1 Story, Eq. Jur. § 313; *Whitehead* v. *Kennedy*, 69 N. Y. 462.

In case of contracts and property dealings between an attorney and his client, the rule, as stated by the court in its charge in chief, is very strict. "The burden of establishing perfect fairness, adequacy, and equity is thrown upon the attorney, upon the general rule that he who bargains, in a matter of advantage, with a person placing a confidence in him, is bound to show that a reasonable use has been made of that confidence. * * * The attorney who contracts with his client is subject to the *onus* of proving that no advantage has been taken of the situation of the latter." 1 Story, Eq. Jur. §§ 310, 311. These rules are not restricted to contracts or dealings with respect to the rights or property in controversy in the particular suit in which the attorney is acting for or advising the client, but may extend to other transactions and contracts, where the relationship may be presumed to give the attorney some advantage over the client. 1 Story, Eq. Jur. § 310, and note. But, in the absence of evidence of the relationship of client and attorney between plaintiff and defendant at the time of the execution of the bill of sale, these rules were not in point in this case. If there was no evidence of the relation of attorney and client between defendant and plaintiff at the time of the execution of the bill of sale, there is no reason why the defendant's twelfth request for instruction was not also correct, *strictly speaking*, although it is not, perhaps, stated in the best form.

In another respect the charge is subject to criticism. There is, so far as we discover, no evidence of undue influence on the part of defendant in procuring the bill of sale, and in one part of its charge the court so instructed the jury, and, as it appears to us, correctly. But in other parts of the charge the question of the existence of undue influence was repeatedly submitted to the jury. In the absence of proof, this question should not have been submitted at all, and the conflict and inconsistency of the instruction upon this point was calculated to confuse the jury. *State* v. *Grear*, 28 Minn. 426, (10 N. W. Rep. 472;) *Dondero* v. *Frumveller*, 28 N. W. Rep. (Mich.) 712.

From an intimation in his memorandum, we infer that the verdict was not very satisfactorily supported by the evidence, in the opinion of the judge. We are of the same impression, and although, in the actual state of the evidence, this ground alone may not be enough (as the trial judge held) to justify a new trial, it certainly does not make us more reluctant to grant one upon other sufficient grounds.

Order reversed, and new trial awarded.