### ANDREW NYSTROM v. CAROLINE M. QUINBY.[1]

April 22, 1897.

Nos. 10,371—(38)[2]

**Change of Venue—Waiver of Application.**

T. commenced an action in the district court of St. Louis county against A. and others. A. demanded that the place of trial be changed to Carlton county, and plaintiff's attorneys consented in writing to such change. Neither party caused the papers filed in the action in the office of the clerk of the district court of St. Louis county to be transmitted to the clerk of the district court of Carlton county. After service of the demand for change of venue, A. served his answer, and admitted service upon T.'s reply, upon his notice of trial to be had in the district court of St. Louis county, all of which papers were entitled and filed in the district court of St. Louis county. The answer of A. was subsequently filed in the district court of the latter county, and by fair inference so filed by A. After trial by jury, and verdict in favor of T., he served notice of taxation of costs and entry of judgment upon A., entitled in the district court of St. Louis county. All papers served on A. were kept by him, and he made no objections to the proceedings in the district court of St. Louis county, save the demand for change of venue. Judgment was duly entered in the last-named court upon the verdict, and the real property of A. sold upon execution to satisfy the judgment. *Held*, that A., by his conduct, had waived his right to have the place of trial changed to the county of Carlton.

**Record of Judgment—Naming Defendant.**

The case of Pinney v. Russell, 52 Minn. 443, followed, as to the effect of the record of judgment against one whose Christian name is indicated only by an initial letter.

Action in the district court for St. Louis county. At the trial before Morris, J., without a jury, there were findings and an order for judgment in favor of plaintiff. From an order denying a new trial,

[1] Reported in 70 N .W. 777.          [2] April, 1897, term.

Ensign, J., defendant appealed. Reversed.

*Draper, Davis & Hollister and H. J. Grannis*, for appellant.
*Jno. Rustgard*, for respondent.

BUCK, J. This action is brought to determine adverse claims to the N. W. ½ of lot 16, East Eighth street, Duluth proper, First division, in St. Louis county. Plaintiff was in the possession of the premises at the time of the commencement of the action and claimed title through various mesne conveyances, one of the predecessors in ownership of such title being Andrew Anderson, who it was stipulated owned the premises in fee on September 5, 1890, and that his deed was recorded in the office of the register of deeds of St. Louis county on the 15th day of that month. By virtue of these conveyances plaintiff's title is paramount to that of the defendant unless the latter's title is a valid one by virtue of an execution sale of said premises made October 8, 1894, upon an execution issued out of the district court of St. Louis county upon a judgment docketed therein on July 7, 1887, in an action wherein one Henry Truelsen was plaintiff and one A. Anderson and others were defendants. Priority of right and paramount title depend upon the validity of this execution sale. The plaintiff contends that the Truelsen judgment against Anderson was void for want of jurisdiction in the court to render it, by reason of the demand by defendant for change of venue from St. Louis county to the county of Carlton, and the consent thereto of plaintiff's attorney. The demand and consent were in writing, and in proper form.

It is quite important in the consideration of this case that the dates of many of the transactions in the Truelsen suit against Anderson and others be stated. They are as follows: (1) Complaint filed in office of the clerk of St. Louis county, December 21, 1885. (2) Summons served December 24, 1885, and filed April 14, 1887. (3) Demand for change of venue dated January 2, 1886, and served January 3, 1886. (4) Consent to change of venue, January 3, 1886. (5) Demand and consent filed with clerk, April 29, 1887. (6) Answer filed with clerk of district court of St. Louis county, May 3, 1887. (7) Reply dated January 20, 1886, and service upon defendant's attorneys admitted by them January 21, 1886. (8) Reply filed in same office April 11, 1887. (9) Notice of trial dated April 13, 1887, signed by plaintiff's attorneys, served on defendant's attorneys, and service

admitted by them, April 14, 1887. (10) Trial by jury in district court of St. Louis county, and verdict of the jury in favor of plaintiff for $414.47, May 3, 1887. (11) Notice of taxation of costs for July 6, 1887, and that entry of judgment then to be made in favor of plaintiff and against defendant in said action was duly served on defendant's attorneys June 29, 1887, and filed in said clerk's office July 2, 1887. (12) July 7, 1887, judgment rendered and entered in said clerk's office in favor of plaintiff and against defendant for the sum of $419.30 damages and interest and $31.60 costs, amounting in all to $450.90.

In all the proceedings the papers were entitled "District Court, St. Louis Co." Of course, this included defendant's answer, plaintiff's reply, notice of trial, upon which defendant's attorneys admitted service; also notice of taxation of costs, and that judgment would be entered; and the judgment itself was so entitled. The notice of trial stated that the action would be brought on for trial at the next general term of the district court appointed to be held in and for the county of St. Louis at the courthouse in the city of Duluth on the 25th day of April, 1887. The judgment recites the fact that the defendant A. Anderson and two of the other defendants had appeared and served their answer in said action, and that the cause came on to be heard at the April term of said court, and on the 3d day of May, during said term, was submitted to a jury upon the issues joined between the parties, and that the jury returned a verdict in favor of plaintiff and against defendant.

Notwithstanding these facts appearing in the record, the plaintiff contends that under G. S. 1894, §§ 5185, 5188, when demand is made for change of place of trial, it shall be thereupon changed by order of the court, unless the parties consent thereto; and that, the parties having consented, the district court of St. Louis county lost jurisdiction to try the case, and that the right to do so became vested in the district court of Carlton county, without any other act. We are of the opinion that the conduct of the defendant for such a long period relieves us of the duty of determining this question. Neither party caused the records to be removed from the district court of St. Louis county to the district court of Carlton county. Upon whom this burden or duty rested is immaterial in the view which we take of the case. Notwithstanding the demand and consent to the change of the place of trial, the defendant entitled his answer as though the case

was still in St. Louis county, and repeatedly recognized the plaintiff's right to do so by admitting service on a reply and notice of trial so entitled, the trial to be in the district court of St. Louis county, and receiving notice of taxation of costs and entry of judgment upon papers entitled in the same manner.

His attorneys made no objection to the procedure, and kept the papers. They were silent, and omitted for a long time to seasonably interpose any objection to plaintiff's proceeding with the trial of the action in St. Louis county. Even after the entry of judgment in the district court of that county, they waited some eight years before challenging its validity. They took no steps to set aside the verdict or the judgment entered thereon, although fully advised of the proceedings, nor did they move in the matter until after the sale of the property under the execution. Where venue is changed by agreement, an appearance in the action afterwards in the court to which the transfer was made waives objections as to the jurisdiction and the regularity of the change of venue. Wells, Jur. 75, 76. Again appearing in this action, and admitting service upon notice of trial for a term of the district court in St. Louis county after the demand for change of place of trial, and defendant's consent, taken in connection with defendant's own conduct in entitling his answer in the district court and county of St. Louis, his receiving notice of taxation of costs and entry of judgment, which notice was entitled in the same manner, and his long-continued general acquiescence in the proceedings in the district court of St. Louis county after such demand and consent, amounted to a consent on part of defendant to the trial of the cause in St. Louis county.

If the place of trial could be changed from St. Louis county to Carlton county by the consent of the parties, it was competent for them by subsequent consent to change it back to St. Louis county. This position is further strengthened by the filing of the answer in the office of the clerk of the district court of St. Louis county May 3, 1887, several weeks after the notice of trial was served, stating that the trial of said action would be had in the latter county. By whom this answer was filed does not appear affirmatively, but ordinarily the answer, until so filed, is in the possession and control of the defendant, and the fair and reasonable inference is that the defendant filed it there himself. The judgment recites the fact that he answered, and,

the answer being filed, raised such an issue of fact that the case was tried to a jury. Whether he actually appeared, and took part in the formal trial, is immaterial, for the record discloses facts sufficient to show that he waived any irregularity in the proceedings, and that by his conduct he submitted the case for trial to the jurisdiction of the district court of St. Louis county.

The remaining question raised by respondent, that the judgment against A. Anderson would not constitute a lien upon the property owned by Andrew Anderson, is ruled by the case of Pinney v. Russell, 52 Minn. 443, 54 N. W. 484, as the facts herein bring the case within the rule there laid down; and we need not enter into a discussion of this question, because we decline to disturb the principles there applied.

Order reversed. ,