CHARLES KLEIN v. F. H. BORCHERT and Another.[1]

May 29, 1903.

Nos. 13,378—(61).

## Contract between Attorney and Client.

Owing to the confidential relation between an attorney and his client, and the natural influence the former has over the latter, courts scrutinize very closely all transactions between them by which the attorney acquires any property of the client; and the burden of establishing the perfect fairness, adequacy of consideration, and the good faith of the transaction is upon the attorney.

## Decision Sustained by Findings.

The conclusions of law in the case at bar are sustained by the findings of fact.

Appeal by defendants from a judgment of the district court for Douglas county, entered pursuant to the findings and order of Searle, J. Affirmed.

*F. H. Borchert*, for appellants.

*H. Jenkins*, for respondent.

BROWN, J.

Action to rescind a contract for the exchange of certain personal property, and for damages, in which plaintiff had judgment, from which defendants appeal.

The facts are as follows: It appears that plaintiff was the owner of a stock of goods, which he exchanged with defendants for a twenty-five horse power Robinson & Cary engine owned by them. Prior to this exchange plaintiff was involved in some litigation concerning the stock of goods, and defendant Borchert, who is an attorney at law, represented him as his attorney in such litigation; and, at the time of the exchange referred to, the relation of attorney and client existed between them. The goods exchanged for the engine were agreed by the parties to be of the value of $635, and the engine of the value of $500; the difference, $135, being paid by defendants in money. Plaintiff understood at

[1] Reported in 95 N. W. 215.

the time of the exchange that the engine was eight or nine years old, and in good working condition, and it was agreed that the same should be delivered to him at once. As a matter of fact, the engine and boiler were some eighteen or nineteen years old, and, by reason of hard usage, practically worthless. Plaintiff delivered to defendants a bill of sale of the goods, and they took possession of them and converted the same to their own use. The engine and boiler were never delivered to plaintiff. The same were at the time of the exchange in the possession of a third party, who refused to surrender them when demanded by plaintiff. Immediately upon discovering the worthless character of the engine and boiler, plaintiff attempted to rescind the contract, and demanded of defendants a return of the goods, which they refused to deliver to him, and this action followed.

The action was tried by the court without a jury, who made findings of fact and conclusions of law, awarding judgment for plaintiff. The court does not affirmatively find that defendants intentionally deceived plaintiff in the exchange of the property by misrepresentations as to the condition of the engine and boiler, or otherwise; nor is there any express finding that they were guilty of fraud, nor that any undue influence was exerted or advantage taken by defendant Borchert by reason of his relation to plaintiff as attorney. No evidence was returned to this court, and the facts aforesaid we gather from the pleadings and findings. The contention of defendants on this appeal is that the conclusions of law are not sustained by the findings of fact.

It is thoroughly settled law that owing to the confidential and fiduciary relation between an attorney and his client, and the influence of the attorney over the client because of that relation, courts scrutinize very closely all transactions between them by which the attorney acquires any property right from the client. To sustain a transaction by which a client sells and disposes of property to his attorney, the burden is upon the latter to establish the fairness and good faith of the transaction. The rule is thus stated in 1 Story, Eq. Jur. § 311: "The burthen of establishing perfect fairness, adequacy, and equity is thrown upon the

attorney, upon the general rule that he who bargains, in a matter of advantage, with a person placing a confidence in him, is bound to show that a reasonable use has been made of that confidence. * * * The attorney * * * [who] contracts with his client * * * is subject to the onus of proving that no advantage has been taken of the situation of the latter." Tancre v. Reynolds, 35 Minn. 476, 29 N. W. 171. See also note to Shirk v. Neible (156 Ind. 66) 83 Am. St. Rep. 185, where a large number of the authorities are collected.

The findings in the case at bar, fairly construed, show that the relationship of attorney and client, and with respect to the identical property in question, existed at the time the exchange was made. They also show that plaintiff parted with his stock of goods, receiving therefor from his attorney a worthless engine and boiler. From these findings the inference of bad faith on the part of the attorney arises, which it was necessary for him to overcome and rebut. It was not necessary that plaintiff prove in the first instance fraud or misrepresentation. It was sufficient to show that an unfair advantage accrued to his attorney by the transaction, and from that the law would declare it invalid, unless its perfect good faith was shown by the attorney. The record does not disclose that defendants offered any proof to establish the good faith of the transaction, and it was unnecessary for the trial court expressly to find bad faith or fraud. Defendants having failed to establish the fact necessary to sustain the transaction, judgment was properly ordered against them. Evidence of this character may have been offered at the trial, but it is not returned to this court, and we are guided solely by the presumption of bad faith in deciding the case. If such evidence was introduced, no application appears to have been made to the court to find specifically upon the question.

We have examined all the assignments of error presented and discussed in appellants' brief, and find no ground on which to reverse the judgment appealed from.

Judgment affirmed.