HUGH V. MERCER v. JOHN L. McHIE AND ANOTHER.[1]

November 29, 1918.

No. 20,997.

**Attorney and client — contract construed — finding affirmed.**

1. The finding of the court that the transaction stated in the opinion constituted a purchase by the plaintiff of property in which the defendants had an equitable interest with an option given to them to purchase it within five years and not a loan from the plaintiff to them is sustained.

**Same — scrutiny by court — finding affirmed.**

2. Transactions between an attorney and a client whereby the attorney acquires property of his client are closely scrutinized and the burden of proving entire fairness, the adequacy of the consideration and absolute good faith, is upon the attorney. The finding of the court that the contract between the plaintiff and the defendants was entirely fair and upon adequate consideration and in absolute good faith is sustained.

[1]Reported in 169 N. W. 531.

Action in the district court for Hennepin county for an order restraining defendants from slandering the title to certain real property, either to the tenants or other persons, praying that the court would ascertain that there was a contract which placed the ownership and right of possession thereof in plaintiff, and gave an option to defendant Herminia McHie to repurchase the same, and for a decree that the property was free from the proposed option and that the premises be sold at public sale, subject to mortgage, plaintiff or defendants to have the right to bid upon the sale, the proceeds of the sale to be turned over to plaintiff and he be relieved of any personal liability upon the indebtedness of $12,000. The case was tried before Fish, J., who made findings and ordered judgment in favor of plaintiff. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Harry S. Locke,* for appellants.

*C. G. Krause* and *A. M. Johnson,* for respondent.

DIBELL, J.

The plaintiff claims that a certain transaction between him and the defendants constituted the acquisition by him of the title to real property in which the defendants had an equitable interest with an option given them to purchase within five years. The defendants claim that it constituted a mortgage. The defendants further claim that the relation of attorney and client existed between them and the plaintiff and that the contract between them was not fair and in good faith and upon an adequate consideration. If so it was subject to rescission. The action in effect was to have the rights of the parties adjudged. The court found against the defendants on both their contentions and they appeal from an order denying their motion for a new trial.

1. The record is long. The facts necessary to be stated for the purpose of the opinion are within brief compass.

In May, 1916, the defendants owned an equitable title to a lot on Hennepin avenue in Minneapolis. They held under a contract of purchase. There was due upon it something like $2,800, which was more than they had paid.

They had been constructing a building upon it apparently through an irresponsible contractor. It was incomplete and abandoned. Liens had

141 M.—10.

accumulated, the deferred purchase price was pressing, and the title was involved and defective. They had no means of paying the liens, nor perfecting the title, nor completing the building. They sought a loan and were unable to get it.

Under these circumstances the plaintiff entered into a written agreement with them whereby he undertook to perfect the title in himself, clear the property of liens, complete the building, and give them the option to purchase the property within five years by paying the amount of the liens, the cost of completing the building, the cost of perfecting the title, and the sum of $1,000, which latter sum included certain attorney's fees already earned by the plaintiff. The defendants were to pay interest on these sums, except that they were not to pay interest on the lien claims purchased by the plaintiff except for the amounts actually paid, that is, not on sums which the plaintiff might make by way of discount. The defendants if they purchased were to have a credit of 90 per cent of the net rentals received from the property.

The defendants' contention is that the transaction was really a loan by the plaintiff to them. On its face it was not and the court found that it was not. The evidence is ample to sustain the finding and it requires no discussion.

2. The plaintiff was the attorney for the defendants prior to entering into the contract and when the making of it was first considered.

Courts scrutinize closely all transactions between an attorney and a client whereby the attorney acquires property of his client. Such transactions are not encouraged. The burden of proving entire fairness, adequacy of consideration and absolute good faith, is put upon the attorney. The law will not have it otherwise. Klein v. Borchert, 89 Minn. 377, 95 N. W. 215; Tancre v. Reynolds, 35 Minn. 476, 29 N. W. 171.

The plaintiff claims that before entering into the contract the relation of attorney and client was dissolved. This may be so; but in considering the contract and its effect we go upon the assumption, entirely favorable to the defendants, that at the time of the contract the relation of attorney and client still existed so far as to put upon the plaintiff the burden of showing the fairness and good faith and adequacy of consideration of the transaction.

Before entering into the contract the plaintiff informed the defendants

by letter and very explicitly that they must rely upon others in determining whether they wanted to enter into the contract, and not upon him as their attorney. The situation was put to them clearly. There is no evidence of overreaching or of taking advantage of a fiduciary relation. The evidence points the other way.

The contract was entirely fair. By entering into it the defendants secured to themselves the possibility of getting the property at any time within five years. Unless someone helped them they could not go on with their building and their equity was of small value. The contract was quite to their advantage. They relieved themselves of financial responsibility, with a chance to make if the property increased in value, or if net rentals were substantial, and with no chance of losing if it decreased in value except as they might lose their small equity. There is evidence that they were willing to sell their property for $1,000 or $1,500. The plaintiff contributed his professional and business ability and service, pledged his credit or advanced money in the amount of $21,000, or thereabouts, assumed a very considerable risk, and carried out the contract to its letter and to a successful conclusion and in entire good faith. The property is now usable. If the defendants should now purchase, the plaintiff would get for all his endeavor and for all of his risk something in excess of $3,000. The greater portion of this is represented by discounts on liens. If the property advances so that its value within five years is in excess of the amount for which he agreed to sell it the defendants are the gainers. If the rentals largely pay out the property they profit by it. If the property turns out not to be worth the amount put into it by the plaintiff he stands all the loss. The defendants can lose little and may make much.

The court found that the contract was fair and in good faith and upon adequate consideration within the rule applicable between attorney and client. Surely it could not be found to be otherwise. A very careful examination of the record brings us to the conclusion that the defendants have been treated with absolute fairness and that the complaint which they make is without just foundation.

Order affirmed.