# ROSE DELASCA v. GORDON GRIMES AND ANOTHER.[1]

## October 24, 1919.

## No. 21,395.

**Venue — when defendant can waive right to trial in county of his residence.**

1. When the venue does not go to the jurisdiction of the court over the subject matter of the action, a party may waive his right to a trial in a particular county, and such waiver may be implied. By going to trial without objection in a county in a judicial district to which the case was remanded by the district court of another judicial district, and by failing to ask or obtain a ruling by the trial court on the question of whether the action was properly triable in such county, a defendant waives his right to assert that he was entitled to a trial in the county where he resides, and that the order remanding the case to the county where it was tried was erroneous.

**Local action.**

2. If the subject matter of an action is land and the principal relief sought relates to the land, the action must be brought and tried in the county where the land is situated.

**Appeal and error — when objection to complaint is waived.**

3. On appeal from an order denying a new trial, a defendant will be held to have waived his right to assign as error an order overruling his demurrer to the complaint, where neither by answer nor at the trial by objection or motion did he challenge the sufficiency of the complaint on any of the grounds specified in his demurrer.

**Setting aside a deed from client to attorney's wife — evidence.**

4. An attorney obtaining a deed from his client has the burden of establishing the perfect fairness and good faith of the transaction and the adequacy of the consideration. The evidence sustains a finding and conclusion that a deed so obtained, running to the attorney's wife, should be set aside.

**Same — accounting.**

5. Upon setting aside a deed so obtained there should be an accounting between the parties, in which the plaintiff should be credited with the rents and profits of the land and charged with taxes, interest and other proper expenditures made by defendants.

[1] Reported in 174 N. W. 523.

Action in the district court for Chisago county for an accounting and to set aside plaintiff's deed to one of the defendants. The case was tried before Searles, J., who made findings and ordered judgment as set out in the fourth paragraph on page 71. From an order denying their motion to set aside the findings and for a new trial, defendants appealed. Reversed.

*George S. Grimes,* for appellants.

*T. R. Kane,* for respondent.

LEES, C.

Appeal from an order denying a new trial in an action brought to set aside a deed and for an accounting.

The complaint sets up three separate causes of action. In the first it is alleged that, under an agreement that his fee should be $50, plaintiff employed defendant Gordon Grimes as her attorney to bring an action against her husband for divorce, that he brought the action and obtained for her the title to a farm in Chisago county, of which she is the present owner, and that he exacted money from her in excess of his agreed fee by threatening to abandon the case if she did not pay him. In the second, it is alleged that, while acting as her attorney, he took from her a mortgage on the farm for $500 and paid her but $200. In the third, it is alleged that, while still acting as her attorney and because of her confidence in him, he procured from her a deed of the farm running to his wife, who is the nominal owner only; that he agreed to pay her $1,200 for the deed, but has only paid a small portion of that sum, and that the farm was worth $7,000 and was subject to mortgages amounting to $4,000. The prayer for relief is that she have an accounting with him, that the deed be set aside, and that she have such other relief as may be equitable.

1. The action was brought in Chisago county. Defendants were residents of Hennepin county, and duly served and filed affidavits and a demand for change of venue from Chisago to Hennepin county, pursuant to G. S. 1913, § 7722. The files were transmitted to Hennepin county and thereafter plaintiff moved, in the district court of that county, that the case be remanded to Chisago county, on the ground that the district court of Hennepin county had no jurisdiction of the subject matter of

the action. An order was made granting the motion, and the files were returned to Chisago county with a certified copy of the order. It does not appear that the proceedings above set forth were directly called to the attention of the trial court by either party. Defendants demurred to the complaint, and the demurrers were overruled with leave to answer. They answered and the case went to trial and was tried in Chisago county without objection. In the motion for a new trial no mention was made of the alleged error of the district court of Hennepin county in remanding the case. The trial court was never asked to act with reference thereto. Defendants assign as error the order of the district court of Hennepin county.

In Wilson v. Richards, 28 Minn. 337, 9 N. W. 872, the propriety of an order changing the venue of an action was reviewed on appeal from an order denying a new trial, and in Taylor v. Grand Lodge, A. O. U. W. 98 Minn. 36, 107 N. W. 545, on appeal from a judgment. In both cases, however, the trial court was called upon to rule and did rule upon the question of whether the case was properly triable in a county other than that of defendant's residence, and it was the ruling of the trial court which was attacked on appeal. The question was also considered in Flowers v. Bartlett, 66 Minn. 213, 68 N. W. 976, and in Casserly v. Morrow, 101 Minn. 16, 111 N. W. 654. In the latter case, the action was remanded to the county in which it had been brought, and defendants appeared specially and objected to the jurisdiction of the court, for the reason that the action was still properly pending before the district court of the county to which the files had been transmitted.

The practice of obtaining a review of an order relating to the venue of an action by appealing from an order denying a new trial, or from a judgment, is not to be commended. A speedy determination of the action upon the merits will not be reached if the question is reserved until after the case has been tried, for, if a reversal be had on that ground, the parties have been put to the expense of a trial on the merits, which has accomplished nothing. This court has repeatedly held that, when the venue does not go to the jurisdiction of the court over the subject matter, a party may waive his right to a trial in a particular county and that the waiver may be implied. Sherman v. Clark, 24 Minn. 37; Chesterson v. Munson, 27 Minn. 498, 8 N. W. 593; Nystrom v. Quinby, 68 Minn.

4, 70 N. W. 777. We hold that by going to trial in Chisago county without objection, and by failing to ask or obtain a ruling by the trial court on the question of whether the action was properly triable in that county, defendants have waived their right to assert that they were entitled to a trial in Hennepin county. It is elementary that this court can only pass upon such questions as have been actually or presumably considered and determined in the court below, and upon this ground we might well hold that there is nothing here for review. Even upon the merits, it is doubtful whether defendants' position is well taken, for, if land is the subject matter of an action and the principal relief sought relates to the land, it must be brought and tried in the county where the land is situated. State v. District Court of Clay County, 120 Minn. 99, 139 N. W. 135; Kommer v. Harrington, 83 Minn. 114, 85 N. W. 939, and G. S. 1913, § 7715, control since in the cases there enumerated the court has no jurisdiction of the action, if the county designated in the complaint is not the proper county. Kretzschmar v. Meehan, 74 Minn. 212, 77 N. W. 41.

2. The defendants separately demurred to the complaint, the defendant Gordon Grimes on the ground that several causes of action were improperly united; his codefendant on the same ground and on the additional ground that the complaint failed to state a cause of action against her. The order overruling the demurrers is assigned as error. Within the principle stated in State v. Knife Falls Boom Corp. 96 Minn. 194, 104 N. W. 817, it may well be doubted whether the complaint was open to the objection that several causes of action were improperly united, but it is unnecessary to so decide. Prior to the enactment of chapter 474, p. 699, Laws 1913, it was held that, by answering after his demurrer to the complaint is overruled, a defendant waives all right to except to the decision of the court on the demurrer. Cook v. Kittson, 69 Minn. 474, 71 N. W. 670; Disbrow v. Creamery P. M. Co. 110 Minn. 237, 244, 125 N. W. 115. The 1913 act took away the right of appeal from an order overruling a demurrer, unless the trial judge (court) certified that in his opinion the question presented was important and doubtful. But by his answer, defendant may take advantage of the improper joinder of several causes of action. James v. Wilder, 25 Minn. 305; Campbell v. Railway Transfer Co. 95 Minn. 375, 104 N. W. 547. Hence,

by answering without taking advantage of the point, he should be held to waive it. Disbrow v. Creamery P. M. Co. supra.

Insofar as the demurrer of Mrs. Grimes goes to the sufficiency of the complaint to state any cause of action against her, it is clear that she might have objected to the introduction of any testimony or moved to dismiss when plaintiff rested. Hamilton v. McIndoo, 81 Minn. 324, 84 N. W. 118. The record shows that she did neither, and hence she should not now be permitted to insist that her demurrer was well taken on that ground.

3. Upon the merits, we think the court was right in holding that the deed from plaintiff to Mrs. Grimes should be set aside. The finding that she paid no consideration for the deed and received delivery with notice through her husband of all the facts surrounding its execution, is well sustained by the evidence. There were confidential relations between plaintiff and her attorney. He had acquired influence over her and had the burden of establishing the perfect fairness, adequacy of consideration and good faith of the transaction in which the deed was obtained. The court found that the reasonable value of the land was $7,000, and that the total incumbrances against it did not exceed $4,500. The consideration for the deed was, therefore, inadequate and the transaction cannot be upheld. Klein v. Borchert, 89 Minn. 377, 95 N. W. 215; Garceau v. McNamara, 125 Minn. 130, 145 N. W. 809, Ann. Cas. 1915B, 951. It is but fair to defendant to say that at the trial he offered to show that, up to the time of the commencement of the action, he was at all times ready, willing and able to reconvey the farm to plaintiff upon payment of the money he had expended on account of the purchase price of the land and for taxes, interest and other charges against it, and that the court sustained plaintiff's objection to the making of this proof.

4. The court ordered judgment against the defendant Gordon Grimes for $200 with interest from May 31, 1916, directed that the defendant Margaret Grimes render an account to plaintiff of the rents and profits received from the land and expenditures made for taxes, interest and the like, and retained jurisdiction for the purpose of such accounting and for the entry of a final decree. The conclusion that plaintiff is entitled to judgment for $200 against the defendant Gordon Grimes cannot be sustained. We are of the opinion that the statement of the account, so

far as the court has made one, is incorrect and fails to charge plaintiff with all that is properly chargeable against her. We are unable to ascertain to our satisfaction, either from the facts found by the court or from the evidence, how the account stands. There should be a full and complete accounting between the parties, covering all the transactions between them, in which plaintiff should have credit for the rents and profits of her land and should be charged with moneys paid her by defendants, with taxes, interest and other proper expenditures of either defendant on account of liens and incumbrances on the land and repairs and improvements made. In all other respects the findings of fact and conclusions of law are sustained, leaving the accounting between the parties the sole issue for retrial.

The order denying a new trial is reversed and a new trial granted for the sole purpose of settling the accounts between the parties.