STATE EX REL. WALTER HOBART v. DISTRICT COURT OF RAMSEY COUNTY AND OTHERS.[1]

October 22, 1926.

No. 25,810.

**Right to change of venue waived.**

When action to cancel real estate mortgage must be tried in county where real estate is situated—When plaintiff acquiesces in change of venue to and trial in county where defendant resides, he cannot demand that second trial, ordered by this court, shall be in county where action was brought. [Reporter.]

Order to show cause why a peremptory writ of mandamus should not issue directing the district court for Ramsey county to remand the cause to the district court for Hennepin county. Order to show cause discharged.

*Norton & Norton,* for relator.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for respondents.

PER CURIAM.

In July, 1924, the relator brought an action in Hennepin county to cancel a mortgage upon real estate located in Hennepin county. The defendant resided in Ramsey county. He served and filed an affidavit and demand for a change of the place of trial to Ramsey county, and pursuant thereto the files were transmitted to that county. Thereafter the action was placed on the calendar of the Ramsey county court and tried in that court, and in August, 1925, judgment was rendered for the defendant. In October, 1925, plaintiff appealed to this court. The appeal was argued and submitted, and on May 14, 1926, this court reversed the judgment and granted a new trial. On June 29, 1926, plaintiff applied to the Ramsey county court for an order remanding the case to Hennepin county on the ground that it was a local action triable only in that county. The court denied the application.

[1]Reported in 210 N. W. 405.

Thereafter plaintiff procured from this court an order to show cause why a writ of mandamus should not issue directing the Ramsey county court to remand the case to Hennepin county.

It is conceded that plaintiff made no objection to the transfer to Ramsey county; that he tried the case in that county without objecting to the place of trial; and that in his appeal to this court he raised no question concerning the place of trial. That question was first raised after this court had considered the case on the merits and granted a new trial.

Under the statute, G. S. 1923, § 9207, and the construction put upon it in Smith v. Barr, 76 Minn. 513, 79 N. W. 507, and Kommer v. Harrington, 83 Minn. 114, 85 N. W. 939, such an action must be tried in the county in which the real estate or some part thereof is situated, unless under and in accordance with the provisions of the statute the court changes the place of trial to another county or both parties consent to try it in another county. By apparently acquiescing in the transfer to Ramsey county and trying the case in that county without objection, plaintiff must be deemed to have waived the right to insist upon a trial in Hennepin county and to have acceded to the demand that the trial be in Ramsey county. Sherman v. Clark, 24 Minn. 37; Chesterson v. Munson, 27 Minn. 498, 8 N. W. 593; Waldron v. City of St. Paul, 33 Minn. 87, 22 N. W. 4; Nystrom v. Quinby, 68 Minn. 4, 70 N. W. 777; Potter v. Holmes, 72 Minn. 153, 75 N. W. 591.

Plaintiff argues that waiving the right to insist upon a trial in Hennepin county at the first trial does not preclude him from insisting upon that right as an absolute right at the second trial. We think it does. The order to show cause is discharged.