MIKEL KOMMER and Another v. WILLIAM E. HARRINGTON
and Another.[1]

May 3, 1901.

Nos. 12,529—(48).

## Action to Cancel Mortgage—Venue.

Under the provisions of G. S. 1894, § 5183, an action to cancel a mortgage upon real property, and to expunge the record thereof, must be brought in the county in which such property is situated, and is to be tried therein, subject to the power of the court to change the place of trial, as provided in said section.

## Extension of Time—Usury.

If a debtor applies to his creditor for an extension of time in which to pay his debt, and, as a condition for the extension, the latter sells to the former property at an exorbitant price, which he knows he does not want, and makes such a sale a condition for the extension, the transaction cannot be considered a bona fide sale, and is nothing more or less than a usurious loan.

## Verdict Sustained by Evidence.

*Held*, in an action to cancel, instituted upon the ground of usury in the notes involved, that the evidence was sufficient to support all the findings of the jury upon the material questions specially submitted, and also a general verdict in favor of the plaintiffs (mortgagors).

## Rulings Sustained.

*Held*, also, that there was no reversible error in the rulings of the trial court upon the introduction of testimony.

Action in the district court for Chippewa county to restrain the foreclosure of two certain mortgages, one of real property situate within said county, the other of chattels, and to cancel the same, upon the ground of usury. The case was tried before Powers, J., and a jury, which rendered a verdict in favor of plaintiff. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*W. C. Odell* and *McClelland & Tifft*, for appellants.
*Fosnes & Schulz* and *C. D. Bensel*, for respondents.

[1] Reported in 85 N. W. 939.

COLLINS, J.

This is an action brought in the district court of Chippewa county to restrain the defendants from proceeding to foreclose two mortgages, one on chattels, and the other upon real estate situated in said Chippewa county, and from selling the personal property or real estate therein described, and to obtain a decree setting aside and canceling both mortgages and the note thereby secured, upon the ground that the note was and is usurious, and for such further relief as justice and equity might require, which would include the setting aside and cancellation of the record of the real-estate mortgage in the office of the register of deeds for said county.

At the trial the court submitted certain special issues to a jury, which were answered, and also received a general verdict in favor of the plaintiffs, and thereupon ordered judgment in pursuance of the general verdict. The appeal is from an order denying a new trial. Defendant Rue was the original mortgagee, and the note and mortgages were assigned and transferred to defendant Harrington after maturity. It is simply justice to say that the latter was not in any manner connected with the alleged usurious transactions. All were had between Rue and plaintiff, long before Harrington was connected with the matter.

Twenty-five assignments of error have been urged, nearly all of them bearing upon the claim that the testimony was insufficient to justify certain of the special findings of the jury, and insufficient to support the general verdict. One is based upon the refusal of the court to change the place of trial, and this will be first disposed of.

1. Several days after the answer was served, but within the 20-day period provided by statute in which answer may be served, a demand was made for a change of the place of trial, upon the ground that the defendant Harrington was a resident of the county of McLeod, and that defendant Rue, who was a resident of the county of Chippewa, had joined with him in the demand. Upon motion made by the plaintiffs' attorney, the clerk was ordered by the court to retain the action, and all of the files therein, in his office in Chippewa county, and it was in that county that the trial

was had. It is contended that the court erred in retaining the case in Chippewa county, and in overruling the plaintiffs' objection, properly made, to a trial of the case in that county. This contention is without merit. Under the provisions of G. S. 1894, § 5183, all actions for the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, are to be brought and tried in the county in which the subject of the action is situated, subject to the power of the court to change, in a proper case. This being an action to cancel a mortgage on real property situated in Chippewa county, and to expunge the record thereof, it involved the determination of a right or interest in real estate in that county, within the meaning of the statute fixing the place of trial of civil actions. No one would claim that an action to foreclose a real-estate mortgage could properly be brought or tried in any county other than that in which the real estate is situated. No valid distinction can be made as to the proper county wherein an action to set aside and cancel a real-estate mortgage and its record is to be instituted, and an action brought to foreclose such a mortgage. Attention has been called to Turrell v. Warren, 25 Minn. 9. It was simply held there that a mortgage was not an estate or interest in real property, within the meaning of G. S. 1866, c. 75, § 1, relating to actions to determine adverse claims, as it stood prior to the amendment. Laws 1874, c. 68. The authority cited has no application to this case.

2. A large number of transactions between Kommer and Rue, commencing December 26, 1888, and ending November 27, 1893, at which time the note secured by the mortgages was made and delivered, were involved in the trial, and it was necessary to go into these transactions quite in detail. It seems that Kommer, the mortgagor, was in debt to Rue, the mortgagee, upon two or more notes, which matured during this period. There were other money transactions between them, all of which had more or less bearing upon the claim of Kommer that, for the purpose of securing extensions of time for the payment of his indebtedness, he was obliged to purchase horses of Rue at an exceedingly excessive price, and that when he agreed, under compulsion, to make these

purchases, Rue would take new notes for the amounts due and the amounts agreed upon as the prices for the horses purchased. From the evidence as to these transactions, it is quite obvious that some of them could not be regarded as usurious. But one (that of date of January 29, 1891) was of such character as to justify the jury in finding that, in order to obtain an extension, Kommer was compelled to buy the horses then involved at very high prices, and that Rue's purpose was to evade the statute. The evidence as to this particular transaction was that of Rue in behalf of the defendants, and of Kommer in his own behalf, and, as might be expected, their versions of what occurred at that time were in marked contrast. If Kommer told the truth, the horses were sold to him at an exorbitant price, as a condition to an extension. If Rue was truthful, the sale was for no such purpose. The jury passed upon the question, and the defendants must abide by that decision. And the circumstances surrounding the sale of the horses were such as to justify the belief that the sale was nothing but a subterfuge to compel Kommer to pay Rue an unlawful rate of interest. It has been said by this court, under similar circumstances, that there is no device or shift on the part of the creditor under or behind which the law will not look in order to ascertain the true character of such a transaction. It is the law that if a debtor applies to his creditor for an extension of time in which to pay his debt, and as a condition for the extension the latter sells to the former property at an exorbitant price, which he knows the debtor does not want, and makes such a sale a condition for the extension, the transaction cannot be considered a bona fide sale, and it is nothing more or less than an usurious loan, which a court will not countenance or permit.

We are also of the opinion that the testimony was abundant to justify a finding that, at the time the mortgage note was given, $20, which was due from Rue to Kommer for the care of the colt which belonged to Rue, was exacted by him as a bonus, and as a condition for the extension then given for the payment of the debt. The case is altogether different from Yellow Medicine Co. Bank v. Cook, 61 Minn. 452, 63 N. W. 1093; for there it was demonstrated to a certainty, and by extrinsic evidence, that the claim of the

debtors was wholly without merit. It was not a case, as is this, where the result depended upon the verbal testimony of the witnesses as to what the transactions really were. It follows that the verdict must be sustained, unless the court erred in some of the rulings complained of, or there was prejudicial error at the trial in some other respect.

3. Referring specially to the claim of the counsel that errors were committed in the admission of evidence, and particularly in the admission of Exhibit G, we have to say that the entire transactions, covering a number of years, had to be brought before the jury in order that they might reasonably understand the relations which existed between the parties, and all that had transpired in a business way between them, up to and including the day on which the mortgage note was executed and delivered. Exhibit G had a bearing upon the claim of usury made by the plaintiff. Rue had testified that in November, 1893, when the parties had under consideration a note of $380 made by Kommer to his order, he deducted from the amount of the note $35 for a colt which had been turned over to him by Kommer. He admitted that Exhibit G referred to this colt, and from the exhibit it appeared that $50 should have been deducted instead of $35, the amount Rue credited, according to his own statement, or instead of $30, the amount Kommer claimed was actually credited, with a further assertion that the balance of the amount mentioned in the exhibit, namely, $20 was exacted as usury at that time. Under the circumstances, we do not think it was improper to introduce this exhibit in evidence for the purpose indicated by counsel. The same remark may well be made with reference to some other testimony tending to show usury, which was offered and received under defendant's objection.

Taking into consideration the character of the case, the large number of transactions that were had between these parties, and the period of time involved, all of which were necessary to be considered as bearing upon plaintiff's contention that Rue had made a practice of resorting to sales as a method of exacting usurious interest from him, we think that there were no errors in the rulings of the court upon the admission of evidence that were at

all prejudicial, and therefore that none of the assignments of error in this respect were well taken.

4. Particular attention has been called to the alleged insufficiency of the complaint, and also to the claim that several of the special findings were not justified by the evidence. They need not be considered in detail. The complaint stated a good cause of action, and was sufficient in all respects. The evidence, while insufficient to establish usurious practices on every occasion insisted upon by plaintiffs, and, possibly, short as to one or two of the special findings, was, in our opinion, ample to support all of the special findings which were material, and, as a result, it was sufficient to sustain the general verdict in favor of the plaintiffs.

Order affirmed.