S. C. BRADFORD, Appellee, v. HUGH SMITH, Appellant.

123 | 41
127 | 237

123 | 41
141 | 640

**Specific Performance:** CHANGE OF VENUE. A suit to enforce performance of a contract to convey land may be brought in the county where the land is situated, and a defendant residing in another county cannot change the place of trial to the county of his residence.

**Specific Performance.** A decree for specific performance is not a matter of right and will not be granted where it would be inequitable to do so.

**Same.** The fact that land may be worth exactly the contract price, so that refusal to convey would entitle the vendee to but nominal damages, is not ground for refusing specific performance.

**Tender.** In a suit for specific performance where no issue as to tender is made by the pleadings, the vendor cannot rely on the insufficiency of the tender as shown.

**Agency.** Where a principal approves a contract made by his agent, limitations of the agent's authority to make the contract are immaterial.

**Specific Performance.** On specific performance of a contract where the wife's interest cannot be conveyed, the vendee should not be compelled to pay the full purchase price.

Specific Performance: HUSBAND'S INTEREST. A decree for specific
7    performance where the interest of the vendor's wife cannot be
conveyed and the vendee is therefore permitted to withhold
· part of the purchase price should protect the rights of the hus
band, the vendor, in the event he outlives the wife, by estab-
lishing a lien in his favor upon the land for the amount so with-
held.

Specific Performance: INTEREST. A vendor against whom a decree ·
8    for specific performance is entered is not entitled to interest on
the amount of the purchase price of land withheld by the ven-
dee because the interest of the vendor's wife cannot be conveyed·

*Appeal from Buena Vista District Court.*—HON. A. D.
BAILIE, Judge.

WEDNESDAY, FEBRUARY 3, 1904.

SUIT in equity for the specific performance of a contract
to convey real estate. The trial court granted the relief
prayed, and defendant appeals.—*Modified* and *affirmed.*

*McCoy & McCoy* and *John C. Williams* for appellant.

*Helsell & Schultz* and *F. F. Farille* for appellee.

DEEMER, C. J.—The land which it is claimed defend-
ant agreed to convey lies in Buena Vista county. Defendant
lives in Mahaska county, and on being notified to appear and
defend this suit, which was brought in Buena
Vista county, defendant filed a motion to
change the place of trial to Mahaska county. The motion.
was overruled, and of this complaint is made.

1. CHANGE of venue.

The ruling was correct. *Epperly v. Ferguson,* 118 Iowa,
47; *Barringer v. Ryder,* 119 Iowa, 121; and *Donaldson v.
Smith,* 122 Iowa, 388. We are now asked to overrule these
cases on the theory that they were wrongly decided. It is con-
tended that such an action as this is purely *in personam,* and
that the *situs* of the real estate is entirely immaterial. There
is much force in the argument, yet, as the whole matter is

statutory, we are not disposed to change the interpretation put upon these acts of the Legislature by the cases cited. There are some practical advantages arising from the construction already given, which should not be overlooked. The decree, when granted, affects title to land, and it is always advisable to have such decrees recorded in the county where the land is situated. This, in addition to the fact that we are satisfied with the construction already placed upon our statutes, is sufficient reason for not departing from our former holding.

II.   The contract which plaintiff seeks to enforce is in writing, the material parts being as follows:

"This agreement made this first day of February, 1901, between Hugh Smith of the first part and C. E. Herrick of Marathon, County of Buena Vista, State of Iowa, of the second part, Witnesseth that in consideration of the stipulations herein contained and the payments to be made hereinafter specified the first party agrees to sell unto the second party the east half of section No. 14 in township No. 93, north of range 35 west of the Fifth P. M. being in Buena Vista County, Iowa, containing according to the United States survey 320 acres, be the same more or less, for the sum of $12,800.

"This sale made subject to a lease on the above premises for the year 1901, said lease to be assigned to second party when final payment is made and deed delivered to first party. First party agrees to furnish abstract showing good and perfect title.

"In case the second party, his legal representative, or his assigns shall pay the several sums of money as aforesaid punctually and at the several times above limited and shall strictly and literally perform all and singular his agreements and stipulations aforesaid after their true tenor and intent, then the first party will make unto the second party, his heirs or assigns (upon the request and surrender of the contract) a deed conveying said premises in fee simple with the ordinary covenants of warranty. But in case the second party

shall fail to make the payments aforesaid, or any of them, punctually and upon the strict terms and times above limited, and likewise perform and complete all and each of his agreements and stipulations aforesaid, strictly and literally without any failure or default times of the payment being the essence of the contract then the first party shall have the right to declare this contract null and void and all rights and interests hereby created or then existing in favor of the second party or derived under the contract shall utterly cease and determine and the premises hereby contracted shall revert to and revest in said first party (without any declaration or forfeiture or act of re-entry or without any other act by said first party to be performed and without any right of said second party for reclamation or compensation for moneys paid or improvements made) as absolutely, fully and perfectly as if this contract had never been made.

"If, however, the said first party shall elect not to declare this contract null and void in case the second party shall fail to make all payments or any of them, as above stipulated the second party agrees to pay interest at the rate of eight per cent per annum, on all payments both of interest and principal, from the date of maturity. And it is further stipulated that no assignment of the premises shall be valid unless the same shall be endorsed hereon, or permanently attached hereto and countersigned by the first party, and that no agreement or condition or relation between the second party or his assignee or any other person, acquiring title or interest from or through him shall preclude the first party from the right to convey the premises to the said second party or assigns on the surrender of this agreement and the payment of the unpaid portion of the purchase price which may be due to the first party."

Herrick assigned his interest therein to plaintiff, and plaintiff has performed or offered to perform all the conditions required of Herrick. Defendant is married, but his wife is insane, and was at the time the contract was executed,

and he contends that the conract was conditio*ed on his ob-
taining an order from court allowing him to dispose of his
wife's interest in the property; that he in good faith tried to
get this order, but failed to do so; and that the contract never
became binding upon him for this reason.

There is nothing in this contention. While there was
some discussion of this matter before the contract was drawn,
it was not made one of the conditions of the agreement, and
the evidence clearly shows that defendant signed the contract
intending to take his chances on procuring the order. The
case differs in many important particulars from those relied
upon by the appellant.

III. Defendant further contends that a decree of
specific performance in this case would be inequitable, and
that for this reason the court should deny the relief asked.
2 SPECIFIC Of course, such a decree is not a matter of
performance. right, and it will not be granted when it would
be inequitable to do so.

Defendant admits that the land is worth just what the
plaintiff and his assignor agreed to pay for it, or, as he ex-
presses it, "no more nor no less than the contract price;" and
·3. SAME. "that plaintiff's damages are nominal in any
event, because there are no substantial damages." Is this
ground for denying specific performance? Certainly not. If
it amounts to anything, it is a reason why the contract should
be enforced, for it is the only way in which plaintiff may se-
cure the advantages of his contract.

Further, it is alleged that plaintiff made a tender of the
purchase price to George W. Smith, who was defendant's
agent at Marathon, Buena Vista county, and not at defend-
4. TENDER. ant's home, and that by reason of this fact
plaintiff is not entitled to recover. No place of payment was
named in the contract, but plaintiff offered to pay the balance
due to defendant's agent before bringing suit, and also made
a tender in his petition. Moreover, this matter is not made
an issue by the pleadings. This disposes of appellar ·'s con·
tention here.

IV. Much is said in argument regarding the power and authority of George W. Smith as agent for the defendant. As the defendant himself approved the contract after it was made, this discussion is profitless. No matter what the limitations on the agent's authority, if his principal approves and adopts the contract, it is binding upon him.

5. AGENCY.

V. The last point has reference to the correctness of the decree entered by the trial court. The part of it in question reads: "It is further ordered, adjudged, and decreed that, in the event that said wife's interest is not conveyed, that one-third of said twelve thousand eight hundred dollars may be retained by said S. C. Bradford, plaintiff, to protect him against any contingent rights of the wife of said Hugh Smith. And in case the said Hugh Smith shall die before the death of his wife, and said wife's interest may mature as a distributive interest in said land, or as a one-third interest in the same, in such event a lien shall exist upon the undivided one-third interest in said land in her favor from this date as against S. C. Bradford, his heirs, administrators, or assigns, for said one-third. Or said S. C. Bradford may deposit, on execution of said deed hereinbefore provided for, the total sum of $12,300 with the clerk of this court, $4,266.67 of which shall be retained by said clerk for the protection of the interest of the wife of said Hugh Smith in said land which is not now matured, to be by her received in lieu of dower or distributive share in case her husband dies before her death, which one-third sum in money she or her estate shall receive on the execution of a deed to said S. C. Bradford or his assigns of all her interest in said estate. And in case she or her representatives, heirs, or assigns are unwilling to receive the money in lieu of any interest or title, she may have one-third of said land; then in such event she shall be held to be the owner of a one-third interest in said estate, and said one-third in money shall then be returned to said S. C. Bradford, his heirs or assigns."

The argument is, first, that the purchaser should pay the full purchase price, and take only the interest of the husband,

with whom he contracts. This is the rule in many states, but

6. SPECIFIC performance: wife's interest

it has never prevailed in this jurisdiction. *Troutman v. Gowing,* 16 Iowa, 475; *Presser v. Hildenbrand,* 23 Iowa, 492; *Hession v. Linasturth,* 96 Iowa, 487, and cases cited. We are asked to say that these cases are wrong, and should be overruled. This we are not prepared to do. The rule announced therein has stood for nearly half a century. It is a rule of property, and should not be departed from at this time.

Further, it is argued that the decree is wrong because the purchaser is allowed to withhold one-third of the purchase price without creating a lien upon the land therefor in the

7. SPECIFIC performance: husband's interest.

event defendant should outlive his wife, and for the further reason that there is no requirement that plaintiff shall pay the balance of the purchase price to the defendant in the event he outlives his wife. The interests of the wife are fully protected in the event she outlives her husband, the defendant. But we are inclined to hold that the decree should have more carefully guarded the interests of the defendant in the event he outlived his wife. In that event he would be entitled to the remainder of the purchase money, and, as the entire title would pass to plaintiff in such an event, we think the decree should provide that, if this one-third is not paid over to the clerk, as provided in the decree, a lien should be created in favor of the defendant on the entire premises for the amount of the purchase price retained by the purchaser.

Defendant is not, under our previous holdings, entitled to interest on the amount retained by the plaintiff. This doctrine has been so often affirmed that we are not disposed

8. SPECIFIC performance: interest.

to depart from it. See cases heretofore cited, and particularly *Leach v. Forney,* 21 Iowa, 271; *Presser v. Hildenbrand,* 23 Iowa, 492. In this respect, and in this only, will the decree be modified. Each party will pay one-half the costs of this appeal.—MODIFIED and AFFIRMED.