## STATE ex rel. BALLORD-TRIMBLE LUMBER COMPANY v. DISTRICT COURT OF CLAY COUNTY and Others.[1]

December 20, 1912.

Nos. 18,010—(272).

**Venue — primary purpose of action.**

The general rule is that actions must be brought and tried in the county where the parties reside; but if the subject-matter of the action is situated in a county other than the one in which the parties reside, and the primary purpose of the action and the principal relief sought relate to such subject-matter, then the action must be brought and tried in the county where such subject-matter is situated. It is not sufficient to bring a case within the exception to the rule that the complaint asks for relief as to the subject-matter which is merely incidental to the primary purpose of the action.

**Transitory action.**

Complaint construed, and *held*, that the primary and principal relief

[1] Reported in 139 N. W. 135.

sought to be obtained by the action was an accounting, with the cancelation of a real estate mortgage as incidental relief, and that the action is a transitory one.

**Corporation — home office — change of venue.**

The words "residence" and "home" are not, as ordinarily used, synonymous; but when used, as in this case, with reference to a corporation and its general office, the word "home" is the equivalent of "residence." The affidavit herein for the change of the place of trial was sufficient. The change of the place of trial was not waived.

Petition by Ballord-Trimble Lumber Company for an alternative writ of mandamus, directing the judges and clerk of the district court for Clay county to strike from the trial calendar of that court the case of Tully v. Ballord-Trimble Lumber Company, and transmit the records to the office of the district court for Hennepin county, or show cause why they had not done so. Peremptory writ granted.

*Corrigan & Darling, George Conway,* and *V. C. Sherman,* for petitioner.

*W. B. Douglas* and *Charles S. Marden,* for respondents.

START, C. J.

This is a petition, heard on an order to show cause, for a peremptory writ of mandamus, directing the district court of the county of Clay and the judges thereof to transfer all the papers and files in the case of D. W. Tully v. Ballord-Trimble Lumber Company, which was brought in the county of Clay, to the district court of the county of Hennepin. Subsequent to the service of the summons on the defendant in such action, and before the time for answering had expired, it served upon the attorney for the plaintiff an affidavit of residence of defendant and a demand that the place of trial be changed from the county of Clay to the county of Hennepin, and the originals of such affidavit and demand, with due proof of service, were filed with the clerk of the court of the county of Clay, who refused to transmit the papers and files in the action to the clerk of the district court of the county of Hennepin.

The affidavit, so far as here material, is as follows: "H. L. Trim-

ble, being on oath, duly sworn, says: That he is the president of the Ballord-Trimble Lumber Company, the defendant corporation in the above-entitled action. That at the commencement of said action the home and general office of the Ballord-Trimble Lumber Company was and still is in the city of Minneapolis, county of Hennepin, and state of Minnesota, and that all of its books and records are kept in the said general office of the defendant company in the said city of Minneapolis. That the defendant, the Ballord-Trimble Lumber Company, keeps all of its books and records of original entry in its said general office in the city of Minneapolis, and that none of its records as original entries are kept within the county of Clay, in the state of Minnesota."

The defendant thereafter answered, and the plaintiff replied, and noticed the cause for trial in the district court of the county of Clay, and caused the case to be placed upon the calendar of the court for trial. Thereupon the defendant moved the court to strike the cause from its calendar and to direct the clerk to transmit the files and records in the action to the clerk of the district court of the county of Hennepin. The motion was denied. Thereupon the defendant applied to and obtained from this court an order to show cause.

The contention of the respondents is to the effect that the order to show cause should be discharged for the reasons following:

1. The action, as shown by the allegations of the complaint, is a local one; hence the venue was properly laid in the county of Clay, or, in other words, the action is primarily one to cancel the record of a mortgage on land in that county.

If the premises of this contention be correct, the conclusion is also. Kommer v. Harrington, 83 Minn. 114, 85 N. W. 939.

The complaint alleges in effect that at Barnesville, this state, between March 16, 1901, and August 16, 1909, the parties had mutual dealings, during which time the plaintiff purchased from the defendant large quantities of lumber and other merchandise; that between such dates there was an open and mutual account growing out of such purchases and payments, and on April 27, 1908, the defendant falsely represented to the plaintiff that he was indebted to it on such account in the sum of $1,200, and demanded that he execute to it his

promissory note in that sum and secure it on real estate owned by him in the county of Clay, such sum to be credited on his account; that the plaintiff, relying on such false representation and believing it to be true, executed such mortgage; that such representation was untrue, as defendant then well knew, and in reliance thereon the plaintiff overpaid such mutual account in the sum of $2,000; that the plaintiff has repeatedly requested the defendant to enter into an accounting with him to determine the exact condition of the account, but it has at all times refused so to do; and, further, that such account is long and contains a great number of items, and the best interests of the parties require the appointment of a referee to take the evidence and state the account. The relief prayed for was for a general accounting between the parties under the direction of the court, and that the defendant be required to cancel and surrender the note and mortgage.

The general rule is that actions must be brought and tried in the county where the parties reside; but if the subject-matter of the action is situated in a county other than the one in which the parties reside, and the primary purpose of the action and the principal relief sought relate to such subject-matter, then the action must be brought and tried in the county where such subject-matter is situated. It is not sufficient to bring a case within the exception to the rule that the complaint asks for relief as to the subject-matter which is merely incidental to the primary purpose of the action. Smith v. Barr, 76 Minn. 513, 79 N. W. 507; Kommer v. Harrington, 83 Minn. 114, 85 N. W. 939; State v. District Court of Chippewa County, 85 Minn. 283, 88 N. W. 755; State v. District Court of Pine County, 94 Minn. 370, 102 N. W. 869, 3 An. Cas. 725.

The first case cited clearly states the general rule and the exception. The defendants in that case purchased at an administrator's sale several tracts of land, some of which they sold; but they still had a part of them. An action was brought by the heirs of the deceased against the purchasers, on the ground that the sales to them were void, to compel them to reconvey the lands which they still held, and to account for the proceeds of those they had sold. It was held that the accounting was itself a part of the principal and primary relief asked for, and that the action was properly brought in the county where the de-

fendants resided, although none of the lands were situated in that county. If the allegations of the complaint here in question be read and construed in the light of the rule stated, it is clear that the primary and principal relief sought to be obtained by the action is an accounting, and that the relief as to the cancelation of the mortgage is merely incidental to an accounting between the parties. We therefore hold that the action is a transitory one.

2. The respondents also urge that the affidavit for a change of the place of trial is insufficient, for the reason that it is stated therein that the defendant's home, instead of residence, and general office, where all its books and records were kept, were in the county of Hennepin. While the words "residence" and "home" are not, as ordinarily used, synonymous, yet we are of the opinion that when used, as in this case, with reference to a corporation and its general office, the word "home" is the equivalent of "residence," and that the affidavit of residence was sufficient.

It is further urged in this connection that it conclusively appears from the record that the relator's residence is the county of Clay. This claim is based upon the fact that the relator's original articles of incorporation named, as its principal place of business, Barnesville, in the county of Clay. The articles of incorporation, however, were amended in October, 1906, and the certificate thereof filed with the Secretary of State, wherein the city of Minneapolis, county of Hennepin, and state of Minnesota was designated as the principal place for transacting the business of the, corporation. The certificate of the amended articles was not filed and recorded in the office of the register of deeds of the county of Clay. It is not clear whether the certificate of the amended articles of incorporation should have been filed in the county of the corporation's principal place of business, as specified in such certificate, or in the county specified in the original certificate of incorporation. See R. L. 1905, §§ 2850, 2871. It is not necessary to decide this question, for it appears from the record that the defendant's bona fide and de facto residence has been, since 1906, and now is, in the city of Minneapolis and county of Hennepin, where all of its books and papers are kept. We accordingly hold that the county

of Hennepin was the defendant's place of residence at the time of the commencement of this action.

3. The last contention to be considered is that the defendant waived its right to have the action tried in the district court of the county of Hennepin. The alleged reasons urged in support of this claim are to the effect that, after the defendant made and served its affidavit and demand for a change of the place of trial of the action and filed them, with proof of service with the clerk of the court, it served an answer, also an amended answer, in which the venue was laid in the county of Hennepin, and for this reason the plaintiff returned them, and then made a motion in the district court of the county of Clay to strike out the defendant's amended answer. The defendant appeared and argued the motion, and the court made its order determining the motion, a copy of which was served upon defendant's counsel, who admitted due service thereof. The plaintiff caused the case to be placed on the calendar for trial, and the defendant then moved the court to strike it from the calendar and to direct its clerk to transmit the papers and files to the clerk of the district court of the county of Hennepin. These acts on the part of the defendant do not constitute a waiver of its right to have the case tried on the merits in the county of Hennepin, to which county the place of trial was ipso facto changed on filing with the clerk the affidavit and demand, with proof of service thereof. State v. District Court of Meeker County, 77 Minn. 302, 79 N. W. 960; Bell v. Jarvis, 98 Minn. 109, 107 N. W. 547, 8 An. Cas. 938.

It is to be noted that the amended answer, in which the motion to strike out was made, laid the venue in the county of Hennepin, and, by consent of the parties, the motion could have been heard by any district judge willing to hear it. The appearance of the defendant, after the case was noticed for trial and placed on the calendar, was for the purpose of making the necessary motion to secure an order of the court directing its clerk to transmit the papers and files to the district court of the county of Hennepin. It follows that the place of trial of the action was legally changed, and that the right thus secured has not been waived.

Let the writ issue.