Miles v. Martin.

AFFIRMED.

---

JOSEPH H. MILES, APPELLEE, v. HELEN M. MARTIN, APPELLANT.

FILED MARCH 27, 1919. No. 20278.

1. **Venue:** EQUITABLE MORTGAGE. An action to establish an equitable mortgage on real estate is properly brought in the county where the real estate is situated; and summons may issue to any other county in the state where a defendant may be found.

2. **Liens:** ENFORCEMENT: PLEADING AND PROOF. In an action to enforce a specific lien on real estate, it is not necessary to allege or prove that plaintiff's claim had been reduced to judgment and execution issued and returned unsatisfied.

3. **Homestead:** EQUITABLE MORTGAGE: ACKNOWLEDGMENT. A widow, not the head of a family, signed and delivered, but did not acknowledge, an instrument creating an equitable mortgage on the fee title to real estate occupied as the family homestead in which she held a homestead life estate under the statute and held the fee title under her husband's will. *Held,* the instrument is not void for want of an acknowledgment.

4. **Supplemental Pleading.** The court may, on proper terms, allow supplemental pleadings to be filed while a cause is pending. Rev. St. 1913, sec. 7716.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Virgil Falloon* and *S. P. Davidson,* for appellant.

*Kelligar, Ferneau & Gagnon,* contra.

MORRISSEY, C. J.

This is a suit in equity to establish a lien upon certain real estate in Falls City. From a decree for plaintiff, defendant appeals.

The property had belonged to Mrs. Francis Martin, a widow. Mrs. Martin signed a note as surety on a loan made by plaintiff to her sons, and at the same time executed an instrument ''as security for said note,'' in which she agreed not to alienate or dispose of the property mentioned without plaintiff's consent, until the note had been paid. The note was a joint and several obligation, dated April 5, 1911, and maturing on or before five years from its date.

Mrs. Martin died in November, 1914. A short time before her death she executed a conveyance of the property to defendant Helen M. Martin, her daughter, for the consideration of ''love and affection,'' without plaintiff's knowledge or consent. In January, 1915, plaintiff brought suit. Summons was issued to Douglas county and served upon Helen M. Martin, who appeared and objected to the jurisdiction of the court on the ground that the action was improperly laid in Richardson county. The objection was overruled, and the point is again raised by this appeal.

This is not a personal action, but one to establish an equitable mortgage and to foreclose the same against a grantee not a purchaser for value. The fact that the instrument relied upon specifically designates the property, that it refers to it ''as security for said note,'' and that it binds Mrs. Martin not to make an alienation or disposition without plaintiff's consent, sufficiently imports an intention to create an equitable lien. This lien could only be enforced by suit in

Richardson county where the land was situated. Rev. St. 1913, sec. 7612.

The question is presented, as it was by demurrer in the district court, whether the petition states a cause of action, because it fails to allege that plaintiff was a judgment creditor of the widow, Mrs. Martin, and that he had execution issued and returned unsatisfied against her. Since this is not a creditor's bill, but only a suit to enforce a specific lien, these allegations are unnecessary.

There is the further objection that the instrument was not acknowledged. It is alleged in the answer and admitted in the reply that when the instrument was signed Mrs. Martin occupied the premises as a homestead, but no fact necessary to make her the "head of a family," as defined in section 3090, Rev. St. 1913, is alleged, admitted, or proved. As the surviving spouse she took a life estate in the premises under the statute, but in addition to this she became the owner of the fee under the terms of the husband's will. Whatever homestead right or life estate she had lapsed at her death. The instrument in suit did not purport to mortgage the homestead interest—indeed, this was in effect reserved—and an acknowledgment was not in-dispensable.

The remaining assignments relate to plaintiff's pleadings. The original petition, filed in January, 1915, sought merely to have a lien established on the property. While the case was awaiting hearing the note matured, and plaintiff, by leave of court, filed a supplemental petition asking as additional relief a foreclosure of the lien. Defendant contends that it was error to allow the supplemental petition to be filed. The supplemental petition was only incidental to the granting of complete relief. It was therefore proper to allow it to be filed. Rev. St. 1913, sec. 7716.

The judgment is

AFFIRMED.

LETTON, SEDGWICK and CORNISH, JJ., not sitting.