C. G. LEE et al., Appellees, v. AMERICAN TRUST & SAVINGS BANK OF LOWDEN, Appellant, et al.

No. 39789.

JANUARY 14, 1930.

610

*R. S. Milner*, for appellant.

*Lee, Steinberg & Walsh*, for appellees.

DE GRAFF, J.—Plaintiffs in their petition allege the corporate capacity of the defendant bank and the agency of the defendant Schluter, acting on behalf of said bank; that, on and prior to January 3, 1927, the defendant bank was the owner and holder of a certain sheriff's certificate, covering certain described Story County real estate; that, on January 3, 1927, the defendant bank transferred said certificate to plaintiffs, who paid in consideration therefor the sum of $3,256; that defendant Schluter, acting for the appellant bank in the negotiations prior to said contract of sale, stated and represented to plaintiffs that said certificate covered the property situated at 2906 Woodman Avenue, Ames, Iowa; that said property was improved by the erection of a dwelling house and garage, on which appellant bank had an insurance policy for $3,500; the essential allegations of fraud in equity; that, on May 1, 1927, at the expiration of the period of redemption from the sheriff's sale, plaintiffs surrendered the said sheriff's certificate to the sheriff of Story County, who issued to the plaintiff Garfield a sheriff's deed for the property covered by the sheriff's certificate; that, on the 14th day of September, 1927, plaintiffs for the first time learned that the property described in said sheriff's certificate was and is merely a vacant lot, and alleged the fact to be that the property situated at 2906 Woodman Avenue is improved property, and adjacent to the property described in the sheriff's certificate, and then learned for the first time that the property which the de-

fendant Schluter represented to them was not in fact the property described in said sheriff's certificate; that, upon discovery of said facts, plaintiffs promptly caused to be served upon defendants a written notice of their intention to rescind said contract to purchase; that the representations inducing the purchase were false, or the result of mutual mistake and misunderstanding of the parties. The pleaded facts are fully established by the proofs. See *Mohler v. Carder,* 73 Iowa 582; *Hunter v. French League Safety Cure Co.,* 96 Iowa 573.

The plaintiffs, so far as possible, attempted to place the appellant *in statu quo,* and brought into court the deed of the property, and tendered same to the appellant. Plaintiffs claim that they were entitled to the return of the consideration paid to the appellant, and to have a lien impressed on the property in the amount paid by plaintiffs. This claim has the sanction of the law, under the record facts.

Defendant first filed motion for change of trial to the county and residence of the appellant bank. This motion was overruled, and the defendant answered, in substance, by general denial.

This action is in equity, and consequently is triable *de novo.* This means that the whole case can be examined and tried as if it had not been tried before. *Stockwell v. David,* 1 G. Greene (Iowa) 115. See, also, *Pierce v. Wilson,* 2 Iowa 20, 26; *Seymour v. Shea,* 62 Iowa 708, 711; *Grimes v. City of Burlington,* 74 Iowa 123. It is quite obvious that the plaintiffs did not have an adequate and speedy remedy at law. They brought this suit in equity, asking that their vendee's lien be preserved, foreclosed, and enforced. See *Wolfinger v. Thomas,* 22 S. D. 57 (115 N. W. 100); *Witte v. Hobolth,* 224 Mich. 286 (195 N. W. 82); *Larson v. Metcalf,* 201 Iowa 1208 (45 A. L. R. 344); 39 Cyc. 2031 *et seq.*

We make the preceding statement by reason of the appellant's claim that, "although the action was filed as an equity action, it was in reality one at law." With this matter, however, we are not primarily concerned on this appeal. The principal contention is based on the overruling of appellant's motion for change of venue. At this point it may be stated that the petition was dismissed as to the defendant agent Schluter. The motion for change of place of trial on behalf of the appellant bank is predicated on the fact that the American Trust & Savings Bank of Lowden, Iowa (appellant), was and had been a citizen

and resident of Cedar County, Iowa, since the year 1913, and is and was a corporation organized under the laws of the state of Iowa as a banking corporation, having its legal residence and principal place of business and banking office in the town of Lowden, in Cedar County, Iowa.

Was this action in equity maintainable in Story County, Iowa, where the land was situated? We answer in the affirmative. Under the provisions of Section 11034, Code, 1927, "actions for the recovery of real property, or of an estate therein, or for the determination of such right or interest, * * * must be brought in the county in which the subject of the action or some part thereof is situated." The instant suit, as pointed out, is an action for the establishment and foreclosure of a vendee's lien, resulting from the inability of the defendant to perform the real contract between the parties. The plaintiffs were not, under the circumstances, compelled to resort to a court of law for the recovery of money damages. An action brought to enforce a lien on land which results from a rescission is and becomes local. 40 Cyc. 67. This court said, in *John v. Orcutt*, 9 Iowa 350:

"A bill in equity brought by the obligor in a title bond against the obligee, who is the purchaser, to compel him to perform his contract, or to procure the foreclosure and sale of his interest in the property, is in the nature of a local action, and is properly brought in the county where the land lies."

It was, therefore, held that the order of court awarding a change of venue to a different county from that where the land was situated, was erroneous.

The trial court correctly ruled that plaintiffs were entitled to enforce their action in the jurisdiction in which the land was situated. As bearing on the general proposition, see *Epperly v. Ferguson*, 118 Iowa 47, 48; *Urmston v. Evans*, 138 Ind. 285 (37 N. E. 792); *Miles v. Martin*, 103 Neb. 261 (171 N. W. 907); *Bullitt v. Eastern Kentucky Land Co.*, 99 Ky. 324 (36 S. W. 16).

The decree entered by the trial court is—*Affirmed*.

MORLING, C. J., and EVANS, FAVILLE, ALBERT, and KINDIG, JJ., concur.