GUSTAV ECKHARDT et al., Appellees, v. BANKERS TRUST COMPANY, Appellant.

No. 42042.

JUNE 20, 1933.

984

See, also, 215 Iowa 1107, 246 N. W. 836.

Gamble, Read & Howland, and Cook & Balluff, for appellant.

Chester J. Eller, for appellees.

Kintzinger, J.—The plaintiffs are husband and wife residing in Scott county, Iowa. In October, 1931, they executed a trust deed to the defendant conveying an interest in certain real estate in Scott county, Iowa. Plaintiffs allege that the trust deed was executed as security for $35,000 worth of notes and obligations executed by Mr. Eckhardt. The trust deed inter alia contains the following provision:

"All indebtedness of Grantors, or either of them now existing, renewals thereof, or indebtedness hereafter created, to the Bankers Trust Company, shall be and remain a first lien on said property and the income therefrom, until all such indebtedness, both principal and interest, has been paid in full."

The indebtedness referred to includes the notes and obligations referred to. Plaintiffs allege that all the notes and obligations, given to the defendant by plaintiffs, and secured by the trust deed, were obtained through fraudulent representations, made as an inducement for the execution of said obligations and trust deed, were untrue, and were made for the purpose of securing a lien upon plaintiffs' property. Plaintiffs ask that the trust deed and the notes and obligations secured thereby be canceled, and that the defendant be restrained from transferring said notes and obligations; that the lien, created by said trust deed upon the real estate described therein, be canceled, and that the title in and to said real estate be forever quieted in said plaintiffs as against the defendant.

The principal error relied on for reversal is the court's refusal to grant a change of venue to the county of defendant's residence. As supporting their contention, they refer to sections 11038, 11040, and 11049 of the Code. These statutes provide that an action against a resident in this state must be brought in the county of his residence. Section 11034, however, of the same chapter provides that:

"Actions for the recovery of real property, or of an estate therein, or for the determination of such right or interest, or for the partition of real property, must be brought in the county in which the subject of the action or some part thereof is situated."

In this deed all indebtedness of the plaintiffs to the defendant is expressly made a lien upon said real estate. It is apparent that a cloud upon plaintiffs' title to the real estate was created by the trust deed. Plaintiffs seek to remove the lien created by the trust deed, the determination of his rights in the real estate, and to quiet his title therein.

Where the intent of a trust agreement is to create a lien upon the real estate, the transaction amounts to a mortgage.

"Courts of equity are not governed by the same principles as courts of law in determining whether a mortgage has been created, and generally, whenever a transaction resolves itself into a security, or an offer or attempt to pledge land as security for a debt or liability, equity will treat it as a mortgage, without regard to the form it may assume. Although the conveyance in question may lack the formal requisites of a mortgage at law, or be expressed in inapt or untechnical language, equity will look to the substance, and give effect to the intentions of the parties." 41 C. J. 293; 19 R. C. L. 273; Newman v. Samuels, 17 Iowa 528; Parry v. Reinertson, 208 Iowa 739, 224 N. W. 489, 63 A. L. R. 1051; In re Assignment of Snyder, 138 Iowa 553, 114 N. W. 615, 19 L. R. A. (N. S.) 206; Vigars v. Hewins, 184 Iowa 683, 169 N. W. 119.

The notes and other obligations are the foundation for the security represented by the trust agreement. If the notes and collateral given to the defendant by the plaintiffs are null and void, then the trust agreement conveying the land in Scott county is also of no validity, and, if so, the trust deed should be canceled, the lien removed, and plaintiffs' title quieted.

An action involving the determination of an interest in real estate is properly brought in the county where the real estate is situated. Code, section 11034; 40 Cyc. 67; Lee v. American Trust & Savings Bank, 209 Iowa 609, 228 N. W. 570; Johns v. Orcutt, 9 Iowa 350; Epperly v. Ferguson, 118 Iowa 47, 91 N. W. 816; Donaldson v. Smith, 122 Iowa 388, 98 N. W. 138; Bradford v. Smith, 123 Iowa 41, 98 N. W. 377; Long v. Investment Co., 135 Iowa 398, 112 N. W. 550; Wagner v. Glick, 177 Iowa 623, 159 N. W. 233.

An action to quiet title is an action for the determination of an interest in land, and is properly brought in the county in which the land is situated. McEvoy v. Cooper, 208 Iowa 649, 226 N. W. 13; Donaldson v. Smith, 122 Iowa 388, 98 N. W. 138.

In Bradford v. Smith, supra, we said: "The decree, when granted, affects title to land, and it is always advisable to have such decrees recorded in the county where the land is situated."

In Long v. Investment Co., supra, on page 401, we said:

"Suits to set aside deeds and declare the property that of another than the grantees therein are clearly within this statute, and therefore should be brought in the county where the real estate or some part of it is situated."

If this trust agreement or the obligations which it secures were obtained by or through fraudulent means, the plaintiff, under section 11034, is fully warranted in commencing an action in the county in which the land is situated.

Other branches of the motion are not argued, and therefore not considered.

The order of the lower court in refusing a change of venue was correct, and is therefore affirmed.

KINDIG, C. J., and STEVENS, ANDERSON, and MITCHELL, JJ., concur.

### SUPPLEMENTAL OPINION ON PETITION FOR REHEARING.

KINTZINGER, J.— Defendant, in a petition for rehearing, claims sufficient consideration was not given to the error assigned in overruling its motion to strike the allegations of the petition asking the cancellation of certain notes. It is claimed that such

allegations state a separate and personal action, triable only in the county of defendant's residence.

The notes referred to, however, with all other indebtedness owing the defendant by plaintiffs, were secured by a trust deed. Plaintiffs' petition asks to cancel this trust deed and quiet their title in the real estate therein described, situated in Scott county, where the action was commenced.

It is true that, if this action was brought solely for the purpose of canceling the notes, it should have been brought in the county of the defendant's residence, and in such event a motion for a change of venue should have been granted. This action, however, is brought to cancel a trust deed and to quiet plaintiffs' title in the real estate in question. The trust deed makes the obligation on these notes a lien upon the real estate in question, and creates a cloud on plaintiffs' title therein. It would be impossible to have plaintiffs' title in the real estate quieted without cancelling the trust deed and removing the cloud therefrom.

Under section 11034 of the Code,

"Actions for the recovery of real property, or of an estate therein, or for the determination of such right or interest, or for the partition of real property, *must be brought in the county in which the subject of the action or some part thereof is situated.*" (Italics ours.)

This action is brought for the determination of plaintiffs' interest in real estate in Scott county, and to quiet their title therein. Defendant claims that the petition contains two causes of action, but made no motion to separate. The allegation to cancel the obligation on the notes is joined with the allegation to cancel the trust deed and quiet plaintiffs' title in the property. If the cloud on plaintiffs' title created by the trust deed includes plaintiffs' obligation on the notes, it is necessary for plaintiffs to secure a cancellation thereof to quiet their title. This is one of the elements necessary for a determination of plaintiffs' rights in the real estate.

As stated in the original opinion, the trust deed in question is equivalent to a mortgage. If the whole, or any part, of the consideration of the mortgage is invalid, a determination of that question is necessarily involved in an action to quiet plaintiffs' title in the property.

An action for the determination of a right or interest in real property must be brought in the county in which the subject of the action is situated. An action to quiet title to real estate is necessarily an action to determine an interest therein, and we have held that the venue of such an action is in the county in which the real estate is situated. McEvoy v. Cooper, 208 Iowa 649, 226 N. W. 13. In that case, page 654, we said:

"Plaintiffs' action is to quiet the title to the real estate in both Guthrie and Cass counties. Under section 11034 of the Code, actions for the recovery of real property or an interest therein, or for the determination of such right or interest, must be brought in the county in which the real estate or some part thereof is situated. Therefore the action to quiet title to the real estate was properly brought in Guthrie county."

It is true there are cases holding that, although they involve the determination of an interest in land, they involve it merely as a collateral inquiry to granting the relief sought, and in such cases the courts, following the historic test of equity jurisdiction, hold the action transitory, notwithstanding the terms of the statute. 40 Cyc. 58. Notwithstanding the rule in such cases, it is also the rule "that the action must be brought where the land lies if these two things concur: (1) If the subject of inquiry is a right or interest in the land; and (2) if the judgment in the case will operate directly upon this right or interest." 40 Cyc. 59.

A part of the relief sought in this action may be personal against the defendant, and, if brought independently of an action to quiet title in the land, it should have been brought in the county of defendant's residence.

The allegations asking the cancellation of the notes are, however, a part of the present action to cancel the trust deed and quiet plaintiffs' title in the real estate. It is therefore a necessary element to be established in this action for the purpose of determining plaintiffs' interest in the real estate. When so connected and joined with the application to determine plaintiffs' interest in the land and quiet their title thereto, the whole matter is properly triable in the county where the land is situated under section 11034 of the Code.

The general rule is that an action to cancel a deed or mortgage and to have plaintiffs' title quieted in him is local, and should be brought in the county where the land is situated. State ex rel.

Goodin v. District Court, 184 Minn. 504, 239 N. W. 143; Kommer v. Harrington, 83 Minn. 114, 85 N. W. 939; First National Bank of Electra v. Guyer (Tex. Civ. App.) 40 S. W. (2d) 212; Moore v. Byars (Tex. Civ. App.) 47 S. W. 752; Thomason v. Sherrill (Tex. Civ. App.) 47 S. W. (2d) 865; Pioneer Savings & Loan Co. v. Peck, 20 Tex. Civ. App. 111, 49 S. W. 160, Clarke v. A. B. Frank Co., (Tex. Civ. App.) 168 S. W. 492; Palmer v. Jaggaers (Tex. Civ. App.) 180 S. W. 907.

An action by the vendee of land for rescission of a land contract, for personal judgment against the defendant, and for the establishment and foreclosure of a lien on the land for the purchase money paid under mutual mistake, is properly brought in the county in which the land is located, irrespective of the residence of the defendant. Lee v. American Trust & Savings Bank, 209 Iowa 609, 228 N. W. 570. In that case the defendant filed a motion for a change of venue to the county of defendant's residence. This motion was overruled. We there said:

"Was this action in equity maintainable in Story county, Iowa, where the land was situated? We answer in the affirmative. Under the provisions of section 11034, Code, 1927, 'actions for the recovery of real property, or of an estate therein, *or for the determination of such right or interest,* must be brought in the county in which the subject of the action or some part thereof is situated.' The instant suit, * * * is an action for the establishment and foreclosure of a vendee's lien resulting from the inability of the defendant to perform the real contract between the parties. The plaintiffs were not, under the circumstances, compelled to resort to a court of law for the recovery of money damages. *An action brought to enforce a lien on land which results from a rescission is and becomes local.* [Italics ours.] 40 Cyc. 67. Johns v. Orcutt, 9 Iowa 350. * * * The trial court correctly ruled that plaintiffs were entitled to enforce their action in the jurisdiction in which the land was situated." Epperly v. Ferguson, 118 Iowa 47, 91 N. W. 816; Urmston v. Evans, 138 Ind. 285, 37 N. E. 792; Miles v. Martin, 103 Neb. 261, 171 N. W. 907; Bullitt v. Eastern Kentucky Land Co., 99 Ky. 324, 36 S. W. 16.

In Epperly v. Ferguson, supra, loc. cit. 48, we said:

"Had it been an action by the defendant vendee, there can be no question as to his right to invoke the jurisdiction of the rem,

because such action would have concerned the title to the land, and he had the right to have a conveyance thereof decreed by the court, and performed by its proper officer, if found so entitled. It is the general rule that an action for specific performance is primarily in personam, and that a party to such a contract may be sued wherever found. But it does not necessarily follow that such actions must be brought at the residence of the defendant, whether the court there has jurisdiction of the property or not; and, while the general rule is as stated, the action is transitory, unless made local by statute, and may be brought in a court having jurisdiction of the property, or in one having jurisdiction of the person only, at the option of the plaintiff."

So in the case at bar the defendant could have sued the plaintiff upon the promissory notes and could thereafter have enforced a lien for the amount of the judgment against the real estate in question in the county in which the real estate is located.

We think the rule in the case of Lee v. American Trust & Savings Bank, 209 Iowa 609, 228 N. W. 570, and other cases cited is controlling of the question raised in this case, and that the trial court correctly ruled that the plaintiffs were entitled to enforce their action in the county in which the land was situated. If a vendee can properly bring an action to rescind a contract for the sale of real estate in the county where the land is situated, the converse must also be true, that the vendor can also bring an action for the cancellation of a deed of trust, for fraud or misrepresentation in procuring notes secured by such trust deed, making them a lien upon the real estate. In the case of Lee v. American Trust & Savings Bank, supra, plaintiff was not only authorized to bring an' action for rescission of the contract of sale, but was also permitted to recover judgment for the money wrongfully received.

Under a similar statute in Minnesota, it was held that an action to restrain a mortgagee from foreclosing his mortgage joined with an action to cancel the mortgage upon real property must be brought in the county in which the property is situated. Kommer v. Harrington, 83 Minn. 114, 85 N. W. 939. In that case the court said:

"It is contended that the court erred in retaining the case in Chippewa county, and in overruling the plaintiffs' objection, properly made to a trial of the case in that county. This contention is without merit. Under the provisions of Gen. St. 1894, section 5183,

all actions for the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, are to be brought and tried in the county in which the subject of the action is situated, subject to the power of the court to change, in a proper case. *This being an action to cancel a mortgage on real property* situated in Chippewa county, and to expunge the record thereof, *it involved the determination of a right or interest in real estate* in that county, within the meaning of the statute fixing the place of trial of civil actions. 'No one would claim that an action to foreclose a real-estate mortgage could properly be brought or tried in any county other than that in which the real estate is situated. No valid distinction can be made as to the proper county wherein an action to set aside and cancel a real-estate mortgage and its record is to be instituted, and an action brought to foreclose such a mortgage."

As seen by the original opinion and the authorities there cited, the trust deed, so far as the plaintiff is concerned, is equivalent to a mortgage against the real estate in question. If foreclosure proceedings were brought upon this trust deed, it must necessarily be brought in the county in which the real estate is situated. For the same reason an action brought to cancel or rescind the lien of the trust deed must be brought in the same county. In this case the plaintiff seeks to cancel the lien of the trust deed which includes the obligations arising under the notes sought to be canceled. If the consideration for a mortgage is invalid, the mortgage can be canceled. The greater part of the consideration for the lien created by the trust deed in question consists of the notes sought to be canceled. If the notes are invalid, it necessarily follows that the mortgage or trust deed to the extent of the notes sought to be canceled is also invalid.

This trust deed includes land in the county in which the action was commenced. The validity of the trust deed involves a determination of an interest in real estate, and, if the validity of the trust deed depends upon the validity of the notes given as a consideration therefor, then the allegations with reference to the invalidity of the notes are merely incidental to, and are necessarily involved in, determining the validity of the trust deed. Therefore these allegations in connection with plaintiffs' claim to cancel the trust deed and quiet their title in the land necessarily involves a

determination of an interest in real estate. The allegation of facts set out in the petition bring it within the terms of section 11034 of the Code.

In addition to the allegations and prayer for the cancellation of the notes and trust deed referred to, plaintiffs ask to have their title to the property, described in the trust deed, quieted in them. It cannot be said that an action to quiet title in the plaintiff does not call for the determination of an interest in real estate.

We think the motion to strike the allegations with reference to the notes, which, by the trust deed, were secured thereby, was properly overruled.

For the above reasons, we believe the entire action should be tried in the county in which the action was commenced. With this additional consideration of the point raised, we adhere to the conclusion reached in the original opinion. The petition for a rehearing is hereby overruled.

CLAUSSEN, C. J., and ANDERSON, MITCHELL, and STEVENS, JJ., concur.

REHEARING DENIED NOVEMBER 22, 1934.