MARY A. WHALEN et al., Petitioners, v. H. C. RING, Judge of District Court of Linn County, Respondent.

No. 44171.

DECEMBER 14, 1937.

D. M. Kelleher and Horace J. Melton, for petitioners.

Tinley, Mitchell, Ross, Everest & Geiser and Grimm, Elliott, Shuttleworth & Ingersoll, for respondent.

STIGER, J.—On February 25, 1937, the petitioners in this proceeding commenced an action in equity in the district court of Iowa in and for Linn County against Collins Mortgage Company and Equitable Life Assurance Society of the United States to cancel certain promissory notes and mortgages securing the notes. The petition in equity alleges that said notes and mortgages were signed by plaintiffs by their attorney in fact; that said attorney under his written power of attorney had the right to represent the plaintiffs only in matters having to do with the extension or renewal of mortgages upon real estate owned by them in Greene County, and in executing the said original notes and mortgages to defendants the agent exceeded his authority. The petition also complained of transactions between defendants and the Guarantee Trust Company of New York relative to the notes and mortgages in question and other mortgages. Plaintiffs further allege that they did not receive the proceeds of the loans and that the retention of the instruments by the society would be unconscionable and fraudulent. The prayer of the petition is in part as follows:

"That said purported instruments be set aside, annulled, and held for naught and that the defendants be required to surrender up the same to be cancelled and that the court adjudge and decree the cancellation thereof.

"That the court adjudge and decree that the said defendants and each of them are by their acts and conduct as set forth in the foregoing petition, estopped from enforcing or setting up any claims because or on account of the said instruments or any of them, including any claim to be bona fide purchasers or owners thereof.

"That the plaintiff may have the decree of this court granting such other and further relief (and such relief only) as shall be effectual to decree the cancellation and surrender by defendants for cancellation of the written instruments in the foregoing petition described which is consonant with the principles of courts of equity and which the nature of the case may require."

The defendants filed a motion for change of place of trial from Linn County to Greene County stating that the action was commenced to procure among other things a cancellation and surrender of mortgages on real estate situated in Greene County, Iowa; that said mortgages convey an interest in real estate and the proceeding constitutes an action for the determination of an interest in real property and must be commenced in the county in which said real estate is situated under the statutes of the State of Iowa; that said petition also prays that the defendants be enjoined, restrained, and estopped from asserting any interest in the aforesaid real estate under said mortgages, or by reason thereof, and for general equitable relief.

Plaintiffs filed a resistance to the motion for the following reasons:

"1. This action is not brought for the recovery of real property or of an estate therein or for the determination of such right or interest or for the partition of real property within the meaning of Code section 11034.

"2. This is not an action to quiet title or to remove a lien affecting real property and no such relief is sought.

"3. This is an action in personam and not in rem.

"4. That real property or estates in real property are not the subject of the action nor is the determination 'of such right or interest' the subject of the action.

"5. This action is a transitory action and not a local action.

"6. The motion for change of place of trial is filed by only one of two joint defendants."

Plaintiffs amended their petition by adding the following:

"Plaintiffs do not herein seek or ask for a decree quieting title to real property or removing a cloud or lien upon real property."

The trial court sustained the motion for change of venue. The petitioners obtained in this court a writ of certiorari to test the validity of the action of the trial court in sustaining the motion.

The procedure adopted by petitioners to review the action of the trial court is not questioned.

The plaintiffs in the equity action sought a cancellation and

surrender of the mortgages and notes and a decree restraining the defendants from making any claims under the instruments. Code section 11049 reads as follows:

"11049. Personal actions. Personal actions, except as otherwise provided, must be brought in a county in which some of the defendants actually reside, but if neither of them have a residence in the state, they may be sued in any county in which either of them may be found."

The position taken by petitioners is that the equity action is one in personam, a transitory and not a local action, and, being a personal action, must be brought in the county in which the defendants reside under the provisions of section 11049. They assert that actions excluded by the words "except as otherwise provided", found in section 11049, are those classified as local by section 11036 and actions for breach of written contract which by its terms is to be performed in a particular place. Code section 11040. The petitioners particularly deny that section 11034 is one of the exceptions made in section 11049 and that the equity action comes within the provisions of section 11034. Section 11034 reads:

"11034. Real property. Actions for the recovery of real property, or of an estate therein, or for the determination of such right or interest, or for the partition of real property, must be brought in the county in which the subject of the action or some part thereof is situated.".

Petitioners claim that the proceeding in equity is strictly in personam and is not an action for the determination of a right or interest in real estate under section 11034 and therefore is not a local action which must be brought in the county where the land is situated. They further contend that the "subject" of the action is not real estate and that the suit was not brought for the determination of a right or interest in real estate.

The petitioners state the test of the correct venue under the Iowa statute is to determine whether the action as pleaded is in personam or in rem; that an action for the cancellation of instruments is transitory and not local; that, if plaintiffs prevail on the merits, the decree will operate in personam only and the action is in no sense in rem. We cannot agree with the petitioners. We are of the opinion that the action for cancel-

lation of the mortgages and for a decree estopping defendants from claiming any rights under the mortgages involves a determination of a right or interest in real estate and must be brought in the county where it is situated. The decree rendered in the case will necessarily determine the validity of the mortgages and such judgment will manifestly affect and determine rights in real property.

The plaintiffs claim in the equity action that their agent had no authority to execute the mortgages and encumber their real estate and that the mortgages were obtained and held under circumstances that render the transactions fraudulent.

The decree sought by plaintiffs would remove the lien and cloud on their title and this is true although the plaintiffs have carefully refrained from asking a decree quieting title, removing a cloud upon their title, or expunging the record. In view of our decisions the position of the petitioners cannot be sustained.

The case of Eckhardt v. Bankers Trust Co., 218 Iowa 983, 988, 991, 249 N. W. 244, 252 N. W. 373, 375, was an action to cancel a trust deed and the lien thereof and quiet title to the real estate. In that case we stated:

"The general rule is that an action to cancel a deed or mortgage and to have plaintiffs' title quieted in him is local, and should be brought in the county where the land is situated. * * * The validity of the trust deed involves a determination of an interest in real estate."

The Eckhardt case quotes with approval the following statement in the case of Kommer v. Harrington, 83 Minn. 114, 85 N. W. 939:

"No one would claim that an action to foreclose a real-estate mortgage could properly be brought or tried in any county other than that in which the real estate is situated. No valid distinction can be made as to the proper county wherein an action to set aside and cancel a real-estate mortgage and its record is to be instituted, and an action brought to foreclose such a mortgage."

The case holds that the suit to cancel the trust deed was a local action within the terms of section 11034.

The recent case of Titus Management Trust v. Kelsey, 221 Iowa 1368, 1372, 268 N. W. 23, 25, is an action in certiorari to

review the overruling of a motion for change of venue by respondent. The ruling was made in a suit by beneficiaries of a trust to compel the trustee to convey the land in accordance with the express terms of the trust. The writ was sustained. While the action was in personam in so far as the petition sought a decree acting directly on the trustee, we held that the proceeding was local under the provisions of 11034 because it involved a determination of a right or interest in real estate within the purview of the section, and that it was the mandatory duty of the court to transfer the action to the county in which the real estate was situated. After reviewing many Iowa cases on the question involved, we said in reference to section 11034:

"It is evident that the intention and purpose of the legislature in passing the section under consideration here was to have the records of the county where the land lies show all matters that in any way affect the title to said land. The cases that we have reviewed, which practically cover all the cases decided under this section of the statute, point to this undoubted conclusion."

. The case of Lee v. American Trust and Savings Bank, 209 Iowa 609, 228 N. W. 570, is an action in equity for rescission of a contract for the sale of real estate and the establishment of a vendees' lien to secure repayment of the purchase money. Though the action for rescission of the contract was transitory, the decision holds that under section 11034 that part of the proceeding asking for the establishment of the lien made the action local.

Whether an action is in personam or in rem is not the ultimate test as to whether an action is local under section 11034. The test is, does the action involve necessarily a determination of a right or interest in real estate? The case of Bradford v. Smith, 123 Iowa 41, 42, 98 N. W. 377, 378, is a suit in equity for specific performance of a contract to convey real estate. The suit was brought in the county in which the real estate was situated. Defendants filed a motion to change the place of trial to the county of their residence, which motion was overruled.

The opinion states:

"The ruling was correct. Epperly v. Ferguson, 118 Iowa 47, 91 N. W. 816; Barringer v. Ryder, 119 Iowa 121, 93 N. W.

56; and Donaldson v. Smith, 122 Iowa 388, 98 N. W. 138. We are now asked to overrule these cases on the theory that they were wrongly decided. It is contended that such an action as this is purely in personam, and that the situs of the real estate is entirely immaterial. There is much force in the argument, yet, as the whole matter is statutory, we are not disposed to change the interpretation put upon these acts of the Legislature by the cases cited. There are some practical advantages arising from the construction already given, which should not be overlooked. The decree, when granted, affects title to land, and it is always advisable to have such decrees recorded in the county where the land is situated. This, in addition to the fact that we are satisfied with the construction already placed upon our statutes, is sufficient reason for not departing from our former holding.''

The Bradford case disposes of the contention that only actions in rem or quasi in rem can be local actions within the purview of Section 11034. A suit for specific performance is in personam as against the defendants but is also a local action in that it involves a determination of an interest in real estate. See Wagner v. Glick, 177 Iowa 623, 159 N. W. 233; State ex. rel Goodin v. District Court, 184 Minn. 504, 239 N. W. 143; Murchinson National Bank v. Broadhurst, 197 N. C. 365, 148 S. E. 452.

Section 11034 includes actions partly, or sounding in personam as well as actions in rem if the proceeding involves a determination of a right or interest in real estate. Such is the construction placed upon the statute by the well considered foregoing cases in this jurisdiction and by decisions in other jurisdictions having similar statutes. Section 11034 provides one of the exceptions contained in section 11049 which requires personal actions to be brought in a county where some of the defendants reside and its provisions are mandatory.

The petitioners cite Pickford v. Smith, 215 Iowa 1080, 247 N. W. 256; Lambertson v. National Inv. & Finance Co., 200 Iowa 527, 202 N. W. 119. The venue of actions is not involved in these cases and they are of no aid to us in reaching a decision here. Whatever is said in the case of Everett v. Board, 93 Iowa 721, 61 N. W. 1062, strongly relied on by petitioners, that might seem favorable to them, has little, if any, weight in view of our subsequent decisions.

The authorities relied on by the petitioners are cases wherein the real estate involved is not situated within the state, under which circumstance a different rule applies, or the venue of actions is not involved, or are from jurisdictions in which the decisions are not in harmony with the Iowa decisions.

The petitioners state in argument that the determining factor is whether the decree sought will operate directly upon the title or whether it will operate only upon the person of the defendant; that section 11034, which provides that actions for the determination of an interest in real estate must be brought in the county in which the *subject* of the action is situated, "fixes venue for actions, the subject of which is real estate, or a right therein. It says nothing about the *effect* of a judgment in an otherwise transitory action". Applying this argument to the case at bar, they contend that the decree sought will operate only in personam and will operate not directly but only incidentally and collaterally on the real estate, and, therefore, notwithstanding section 11034, the suit for cancellation of the mortgages is transitory only and the trial court erred in sustaining the motion for a change of venue.

We are of the opinion that the able and resourceful argument of counsel for petitioners cannot prevail over the construction placed on section 11034 by the decisions in this jurisdiction.

The decree sought would operate not only in personam but would also necessarily affect and determine an interest in real estate. Consequently, real estate would be a *subject* of the action under the pleadings and within the meaning of section 11034, and the proceeding would be a local one under the provisions of the statute. Counsel states that section 11034 says nothing about the *effect* of a judgment in an otherwise transitory action. The answer is that under the decisions of this court, if the necessary effect of a proceeding partly in personam is to determine a right in real estate, it is a local action made so by section 11034. As above stated, this statute does not exclude all actions except those strictly in rem.

The motion of respondent to quash and dismiss the writ of certiorari is overruled.—Writ annulled.

HAMILTON, C. J., and DONEGAN, ANDERSON, and KINTZINGER, JJ., concur.